UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI SALEEM BEY, et al.,<br>　　　　　Plaintiffs,<br>　　v.<br>CITY OF OAKLAND, et al.,<br>　　　　　Defendants. | Case No. 14-cv-01626-JSC<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiffs Ali Saleem Bey and John Muhammad Bey, both proceeding pro se, allege numerous civil rights violations by the City of Oakland, the Oakland Police Department ("OPD"), various members of the OPD, and various "Does." (Dkt. No. 1.) The Court previously granted Saleem Bey's application to proceed in forma pauperis and later John Muhammad Bey's similar application and reserved to a later time evaluation of the Complaint under 28 U.S.C. § 1915(e)(2). (Dkt. Nos. 5, 10.) Because, upon review, the Complaint fails to state a claim on which relief can be granted, the Court DISMISSES Plaintiffs' Complaint with leave to amend.

**COMPLAINT ALLEGATIONS**

Plaintiffs are "businessmen, family men and community leaders in the Oakland Black and Muslin community. (Dkt. No. 1 at 6.) Plaintiffs allege that since September 11, 2001, the OPD has acted under the color of law to deprive Plaintiffs, and other black Muslims, of constitutionally protected rights in violation of 42 U.S.C. § 1983. Plaintiffs also appear to allege that during this same time period, the OPD engaged in a conspiracy to deprive them of rights and privileges in violation of 42 U.S.C. § 1985(3). These allegations arise, in part, from police actions related to

the rise and fall of Your Black Muslim Bakery ("the Bakery"), an Oakland business with which Plaintiffs were associated. The complaint mentions operations referred to as "COINTELPRO" or "dirty tricks," which Plaintiffs seem to suggest are procedures and internal OPD policies that formed the basis for a wide-reaching conspiracy against them. (Dkt. No. 1 at 12.) Plaintiffs allege that OPD generally intended to destroy the Bakery (Dkt. No. 1 at 19), that OPD officers engaged in "gun walking" in the Black Muslim community and used Yusuf Bey IV as an "asset" to cause harm to Plaintiffs and the Black Muslim community in general. (Dkt. No. 1 at 27.)

Plaintiffs name as Defendants: the City of Oakland, the City of Oakland Police Department, Retired OPD Chief Wayne Tucker, Retired OPD Chief Howard Jordan, Deputy OPD Chief Jeffery Loman, former OPD Officer Jeffery Israel, Retired OPD Officer David Kosicki, Interim OPD Chief Sean Whent, Deputy OPD Chief David Downing, OPD Officer Ersie Joyner, OPD Officer Derwin Longmire, OPD Officer Oliver Cunningham, OPD Officer Andre Rachal, OPD Officer Bruce Brock, Retired OPD Officer Todd Crutchfield, Oakland Mayor Jean Quan, former Oakland City Administrator Deanna Santana, and Does 1 – 101.

Count One is brought under 42 U.S.C. §§ 1983 and 1985, as well as 18 U.S.C. §§ 249, 245, 241, and 242 and 42 U.S.C. § 14141. Plaintiffs appear to contend that defendants have failed to properly investigate and have obstructed the proper investigation of OPD internal affairs complaints, some initiated by Plaintiffs, due to conflicts of interest and bias against Black Muslims. (Dkt. No. 1 at 4-11.) They appear most concerned with "IAD 13-1062."

In their Second Count, brought under 42 U.S.C. § 1983 and 1985, Plaintiffs claim defendants targeted them and other Black Muslims in their community for destruction by, essentially, fostering killings and using federal post-9-11 resources to gun-walk weapons into their community. Defendants' "dirty tricks" were responsible for the murder of journalist Chauncey Bailey; his story would have revealed the gun walking operation against Plaintiffs.

Count Three, again brought under section 1983 and 1985, contends that defendants' "gun walking operation resulted in the active targeting for murder of Plaintiffs who [defendants] knew represented Oakland Black Muslim and Black community leadership in public opposition to historic OPD abuses."

Count Four, similarly brought under sections 1983 and 1985, alleges that Plaintiffs' concern with a missing family member and last legal CEO of Your Black Muslim Bakery, Waajid Bey, led to an investigation in February 2004 which acquired evidence that was the basis for Bailey's last story.  Plaintiffs contend that defendants' conduct led to the public mistakenly attributing the illegal actions of a few to Plaintiffs, thus negatively impacting their businesses.

Counts Five and Six allege, under the same civil rights statutes, that defendants have failed to acknowledge evidence provided by Plaintiffs that shows that the group defendants were aiding was directly connected to the murder of Waajid Bey, and defendants aided the June 2005 attempted murder of Plaintiff John Muhammad Bey by closing his case in less than 60 days without any genuine investigation.

Counts Seven through Nine relate in part to a civil suit regarding the ownership of the Black Muslim Bakery and defendants' aid to Yousef Bey who was connected to the murder of Waajid Bey as well as the attempted murder of John Muhammad Bey.  More specifically, Plaintiffs allege that Defendant Rachal gave special treatment to Yusuf Bey IV, was somehow involved in "gun walking," (Dkt. No. 1 at 17), and that in February 2006 "Rachal admit [sic] to Plaintiff that OPDCIDCoC knew Your Black Muslim Bakery corporation was taken over by fraud and murder connected to Antar Bey and Victor Foster.  CID Rachal also admits OPDCIDCoC's main and historic goal was the destruction of the Your Black Muslim Bakery (the OPD known economic and religious institution of the Black and Muslim community) based upon historic bias religious misconceptions of everyone in the Muslim community being the 'same' in OPDCIDCoC's eyes." (Dkt. No. 1 at 19.)

The 30-page single-spaced complaint includes an additional eleven counts, brought under the same federal statutes, and alleging the same general conduct; namely, that defendants conspired to harm Plaintiffs, their business, and the Oakland Black Muslim community through gun walking as well as similar support of Yousef Bey.

Plaintiffs seek (1) a "non bias [sic] independent federal criminal investigation of defendants" in connection with the IAD complaints and the murder of Chauncey Bailey, (2) placement of OPD into federal receivership, (3) cessation of the process for hiring a permanent OPD chief, (4) having the Department of Justice Civil Rights Division oversee the OPD, (4) an apology and admission of the illegal OPD tactics, and (5) compensation.

## LEGAL STANDARD

The Court must dismiss an *in forma pauperis* ("IFP") complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). The Court retains discretion over the terms of dismissal, including whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Because this is a pro se civil rights case, the Court must notify Plaintiffs of the deficiencies in the complaint and provide an opportunity to amend prior to dismissal, unless it is completely clear that the deficiencies of the complaint cannot be cured. *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987) (*superseded on other grounds by statute as stated in Lopez,* 203 F.3d 1122, 1138 (Rymer, J., concurring)).

Regarding dismissals for failure to state a claim, § 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6). *Lopez*, 203 F.3d at 1127. In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must accept as true the allegations of the complaint in question, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff, *see Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). To avoid dismissal, a complaint must contain more than

"naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–57 (2007). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* Furthermore, a claim upon which a court can grant relief must have facial plausibility. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.

## DISCUSSION

### A. Plaintiffs' Claims Fail to State a Claim Upon Which Relief can be Granted

#### 1. Plaintiffs' claims under the criminal code fail as a matter of law

Count One makes claims under 18 U.S.C. §§ 241, 242, 245 and 249. Section 241 is the federal criminal conspiracy statute and sections 242 and 245 are federal criminal civil rights statutes. A private citizen may not sue under the federal criminal laws absent some language in the statute that suggests a private right of action. *See Ou-Young v. Vasquez*, 2012 WL 5471164 *4 (N.D. Cal. Nov. 9, 2012). No such language exists in these statutes and thus they provide no basis for civil liability; that is, private citizens, such as Plaintiffs, do not have the right to bring civil claims pursuant to these statutes. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). This outcome is unsurprising given that there are civil statutes that encompass the same or similar conduct. *See, e.g.,* 28 U.S.C. § § 1983, 1985; *see also Ouzts v. Maryland Nat. Ins. Co.*, 505 F.2d 547, 561 n.8 (9th Cir. 1974) (18 U.S.C. § 242 is the federal criminal counterpart of the non-criminal civil rights statute, 42 U.S.C. § 1983). The federal Hate Crimes Act, 18 U.S.C. § 249, is also a criminal statute. It, too, does not contain a private right of action; *See Turner v. Tierney*, 2013 WL 1003634 * 4 (N.D. Cal. March 13, 2013); *Wiley v. California*, 2011 WL 6012423 *4 (N.D. Cal. Nov. 30, 2011). Accordingly, Count One is dismissed with prejudice to the extent it purports to make claims under the federal criminal laws.

#### 2. Plaintiffs' claim under 42 U.S.C. § 14141 fails as a matter of law

Plaintiffs may not bring claims under 42 U.S.C. § 14141.

> Section 14141 prohibits employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles from engaging in a pattern or practice of conduct that deprives one of their civil rights. However, § 14141 only provides for a civil cause of action brought by the United States Attorney General. See 42 U.S.C. § 14141(b) ("[T]he Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice."). Section 14141 does not provide a private cause of action that may be brought by individuals.

*Gustafson v. City of West Richard*, 2011 WL 5507201 *3 (E.D. Wash. Nov. 7, 2011). This claim, too, must be dismissed with prejudice.

### 3.     **Plaintiffs' Section 1983 claims fail**

Plaintiffs' claims fail to meet the minimum pleading standards. First, as to *each* Count, Plaintiffs must identify the specific defendant they contend is liable and set forth sufficient factual allegations regarding the conduct of each defendant to give rise to a plausible inference of liability. Most defendants are not individually discussed in any of the Counts; indeed, Plaintiffs include no specific factual allegations as to any conduct engaged in by Defendants Tucker, Jordan, Loman, Whent, Downing, Quan, Santana, or Joyner. These defendants may not be held liable due solely to their supervisory roles. *See Fayle v. Stapley,* 607 F.2d 858, 862 (9th Cir. 1979). Plaintiffs plead absolutely no factual content as to defendants Brock, Kosicki, Israel and Cunningham. Regarding Crutchfield, the complaint alleges only that Crutchfield was partners with defendant Longmire, and worked on an investigation. (Dkt. No. 1 at 15-16.) Because Plaintiffs plead no factual content to connect these defendants with any specific unlawful conduct directed at Plaintiffs, the Complaint fails to state a claim against them. While Plaintiffs allege some facts as to Defendants Rachal and Longmire, they are insufficient to state a § 1983 claim because they do not identify the specific challenged conduct or the injury that the unidentified conduct allegedly caused. Plaintiffs' allegations must be more specific.

Second, although the Complaint is insufficiently specific, the allegations it does contain suggest that much of the challenged conduct occurred outside the statute of limitations. The

statute of limitations for a claim under section 1983 is two years. *See Thompson v. City of Shasta Lake*, 314 F.Supp.2d 1017, 1023 (E.D. Cal. 2004). The Complaint speaks of conduct beginning in 2001, and emphasizes murder and attempted murder in 2005; any such conduct would not be actionable absent some grounds for tolling, none of which appear in the Complaint. This is yet another reason Plaintiffs need to be more precise about the conduct upon which their claims are based, including when it occurred and who engaged in the conduct. Vague and conclusory allegations are insufficient.

Third, the OPD is not a proper defendant as it is an agency of a municipality. *See Vance v. County of Santa Clara,* 928 F.Supp. 993, 996 (N.D. Cal. 1996).

Accordingly, all of Plaintiffs' section 1983 claims must be dismissed.

### B. The Section 1985(3) conspiracy claims fail

Plaintiffs appear to intend to bring 42 U.S.C. § 1985(3) claims, the gist of which is that that members of the OPD conspired to harm the Black Muslim community. To prevail under this statute plaintiffs must show a direct or indirect purpose to deprive any persons of the equal protection of the laws, or the equal privileges or immunities under the laws and a class race-based animus." *Sanchez v. City of Santa Ana*, 936 F.2d 1027 (9th Cir. 1990). "To be actionable, the conspiracy must result in overt acts, done in furtherance of the conspiracy, that are both the cause in fact and proximate cause of plaintiffs' injuries. A mere allegation of conspiracy without factual specificity is insufficient to support a claim." *Id.*

While the Complaint mentions operations referred to as "COINTELPRO" or "dirty tricks," and conspiracies with other organizations (Dkt. No. 1 at 12), Plaintiffs do not sufficiently explain these concepts, nor do they allege facts that plausibly support an inference that each and every defendant was involved in a conspiracy to injure Plaintiffs. And, with the Section 1983 claims, the Complaint is vague as to how precisely Plaintiffs were injured. Thus, the Court must dismiss

all of Plaintiffs' § 1985 counts against all defendants for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons explained above, Plaintiffs' Complaint does not state a claim against the defendants and therefore must be dismissed. The claims brought under the criminal laws and the 42 U.S.C. § 14141 claim are dismissed with prejudice; these claims may not be reasserted in an amended complaint. The dismissal is without prejudice as to the section 1983 and 1985(3) claims which means that Plaintiffs have to opportunity to fix the defects in their allegations as to these claims. In amending their allegations Plaintiffs should keep in mind the following:

1. The amended complaint must allege specific facts as to each defendant named in each count. Each count should therefore specify the defendants being sued and set forth or identify factual allegations that give rise to a plausible inference that the named defendant is liable.

2. Plaintiffs may only sue based on injuries they themselves have suffered; they cannot sue to rectify wrongs done to others, including their friends and family. Thus, the amended complaint must clearly identify how Ali Saleem Bey and John Muhammad Bey have been injured and how each named defendant caused the injury.

3. The statute of limitations for civil rights claims is two years; thus, Plaintiffs must identify when the conduct they challenged occurred. If it occurred more than two years before their lawsuit was filed, they must allege facts that suggest the statute of limitations should not bar their claims.

Plaintiffs must file their amended complaint by **October 3, 2014**. Plaintiffs are warned that if they do not file by that date their lawsuit will be dismissed. The Court encourages Plaintiffs to seek free assistance from the Northern District's Pro Se Help Desk, United States Courthouse, San Francisco, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102 or the

Help Desk at the Oakland Federal Courthouse, 1301 Clay Street, 4th Floor, Room 470S, Oakland, CA 94612.  Appointments can be made in person or by calling 415-782-8982.

**IT IS SO ORDERED.**

Dated: August 25, 2014

*Jacqueline S. Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge