1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   ALI SALEEM BEY, et al.,                    Case No.  14-cv-01626-JSC

8               Plaintiffs,                    **ORDER REVIEWING SECOND
                                               AMENDED COMPLAINT UNDER
9        v.                                    SECTION 1915 AND ORDERING
                                               SERVICE BY THE MARSHAL**
10  CITY OF OAKLAND, et al.,
                                               Re: Dkt. No. 12
11              Defendants.

12

13          In this Second Amended Complaint ("SAC"), Plaintiffs Ali Saleem Bey and John

14  Muhammed Bey, both proceeding in forma pauperis and pro se, allege numerous civil rights

15  violations by the OPD.  They brings this action against the City of Oakland and a number of

16  "Does."  (Dkt. No. 15.)  Upon the review required by 28 U.S.C. § 1915(e)(2), the Court twice

17  previously dismissed Plaintiffs' initial and first amended complaint with leave to amend, finding

18  that the allegations failed to state a claim upon which relief could be granted.  *Bey v. City of

19  Oakland*, No. 14-cv-01626-JSC, 2014 WL 7206581, at *1 (N.D. Cal. Dec. 18, 2014) ("*Bey II*");

20  *Bey v. City of Oakland*, No. 14-cv-01626-JSC, 2014 WL 4220319, at *1 (N.D. Cal. Aug. 25,

21  2014) ("*Bey I*").  At least some causes of action in the SAC state a claim for relief.  Accordingly,

22  the SAC passes Section 1915 review and must proceed to service by the Marshals.

23                **ALLEGATIONS IN THE SECOND AMENDED COMPLAINT**

24          As set forth in the Court's opinion addressing the initial complaint, Plaintiffs are

25  "businessmen, family men and community leaders in the Oakland Black and Muslim community."

26  *Bey I*, 2014 WL 4220319, at *1.  In the SAC, Plaintiffs allege that the OPD has acted under the

27  color of law to deprive Plaintiffs, and other Black Muslims, of constitutionally protected rights in

28  violation of 42 U.S.C. § 1983 and that OPD officers engaged in a conspiracy to deprive them of

United States District Court
Northern District of California

United States District Court
Northern District of California

1   rights and privileges in violation of 42 U.S.C. § 1985(3).  The gravamen of Plaintiffs' SAC is that

2   the OPD has engaged in unlawful racial and religious profiling, as demonstrated in two main

3   ways.  First, the SAC includes allegations of discrimination through OPD's general tactics against

4   the Oakland Black Muslim community and Plaintiffs in particular, which included a later-

5   discredited classification of Plaintiffs as "Domestic Terrorists."  These allegations, however,

6   appear to serve more as background for the factual allegations underpinning the actual counts of

7   the FAC.  The counts arise chiefly out of the second set of allegations, which focus on OPD's

8   investigations into the attempted murder of Plaintiff John Muhammed Bey, both Plaintiffs'

9   requests for protection and assistance regarding the murder of Waajid Bey—a "close associate" of

10  Plaintiffs and fellow member of the Oakland Black Muslim community—and the OPD's short

11  shrift, at best, and complete disregard, at worst, of each Plaintiff's requests for OPD internal

12  investigations.  According to Plaintiffs, they repeatedly brought these systemic failures to the

13  attention of OPD officers, the chief of police, and the Oakland mayor's office, but no action was

14  taken for years.  To the contrary, only when Plaintiffs relayed their evidence to the compliance

15  director appointed to oversee the OPD did the Department re-open an investigation into Plaintiffs'

16  complaints.  This investigation resulted in a finding that the OPD had violated its own policies and

17  failed to investigate, which Plaintiffs contend is evidence of violations of their civil rights.

18       Although Plaintiffs now name as Defendants the City of Oakland and Does 1-100, all eight

19  counts of the SAC are brought solely against the City.  Six of the counts arise under 42 U.S.C.

20  § 1983, and two under 42 U.S.C. § 1985.

21       Counts One, Two, Four, Six, Seven, and Eight allege that the OPD's actions related to its

22  treatment of Plaintiffs' IAD complaints constituted discrimination based on race and religion in

23  violation of Plaintiffs' right to equal protection under the law.  In Count One, Plaintiffs contend

24  that the OPD's failure to retain notes and documents related to Plaintiffs' internal affairs

25  complaints and the short-lived investigations that followed violated the Department's policies and

26  represented racial and religious discrimination against Plaintiffs as Black Muslims.  In Count Two,

27  Plaintiffs contend that OPD policy required the Department to resolve all internal affairs

28  complaints by making a particular finding, and that OPD's failure to resolve Plaintiff's complaints

constitutes a violation of Section 1983.  In the fourth count, Plaintiffs allege that the OPD's failure to investigate repeated IAD complaints from Plaintiffs—even when, for example, Plaintiff Ali Saleem Bey's 2013 IAD complaint explicitly complained about the Department's failure to investigate a prior IAD complaint—is further evidence of a pattern and practice of discrimination. Count Five faults the OPD for misrepresenting in its response to Plaintiff Ali Saleem Bey's 2013 IAD complaint that it no longer employed the officer complained of, when certain officers remained in the OPD's employ.  In Count Seven, Plaintiffs allege that the officers responsible for investigating the 2013 IAD complaint should have recused themselves, and in failing to do so denied Plaintiffs "equal protection of a conflict of interest[-]free investigation."  (Dkt. No. 15 at 16.)  Finally, in Count Eight Plaintiffs allege that the OPD failed to advise Plaintiffs of their right to have officers tape record all interviews and statements of accused officers in connection with the 2013 IAD investigation, which further violates Plaintiffs' right to equal protection under the law.

The two other counts allege that the OPD has conspired to violate Plaintiffs' civil rights in violation of 42 U.S.C. § 1983.  In Count Three, Plaintiffs allege that the OPD's failure to investigate the current employees named in Plaintiff Ali Saleem Bey's 2013 IAD complaint was "purposeful, plotted, and planned" and represented the OPD's conspiracy to deprive Plaintiffs of their rights to equal protection under the law.  Specifically, Plaintiffs argue that by failing to investigate the employees named in the 2013 IAD complaint, OPD's employees have violated Department policy, obstructed justice, failed to investigate, recklessly endangered and defamed Plaintiffs, and compromised other criminal cases to Plaintiffs' detriment, all as a conspiracy to further a pattern and practice of discriminating against Black Muslims.  In Count Five, Plaintiffs contend that the OPD's response to that 2013 IAD complaint, which admits the Department's "systemic failures" in connection with the investigations that Plaintiffs sought.

At bottom, Plaintiffs contend that the OPD's conduct stemmed from the Department's general policy and practice of hatred towards Black Muslims.

Plaintiffs seek (1) an independent federal investigation of all officers named in Plaintiffs' IAD complaints; (2) immediate removal of the OPD's Chief and Deputy Chief of Police; (3)

immediate placement of the OPD into a federal receivership to be overseen and managed by the

DOJ Civil Rights Division; (4) an apology and admission regarding the OPD's use of improper

"COINTELPRO" tactics, purposeful fomentation of black on black murder and other violence and

defaming Black Muslims and the Bey family; and (5) compensation for, among other things,

lasting mental, physical, emotional, character, political, and economic harm resulting from the

pattern and practice of racial and religious discrimination.

**LEGAL STANDARD**

The Court must dismiss an in forma pauperis ("IFP") complaint before service of process

if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face.  28

U.S.C. § 1915(e)(2).  The Court retains discretion over the terms of dismissal, including whether

to grant leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Because this is a

pro se civil rights case, the Court must notify Plaintiffs of the deficiencies in the complaint and

provide an opportunity to amend prior to dismissal, unless it is completely clear that the

deficiencies of the complaint cannot be cured.  *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.

1987), *superseded on other grounds by statute as stated in Lopez,* 203 F.3d 1122, 1138 (Rymer, J.,

concurring).

Regarding dismissals for failure to state a claim, Section 1915(e)(2) parallels the language

of Federal Rules of Civil Procedure 12(b)(6).  *Lopez*, 203 F.3d at 1127.  In considering a motion to

dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court

must accept as true the allegations of the complaint in question, *Erickson v. Pardus,* 551 U.S. 89,

94 (2007), and construe the pleading in the light most favorable to the plaintiff, *see Scheuer v.

Rhodes,* 416 U.S. 232, 236 (1974).  To avoid dismissal, a complaint must contain more than

"naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-57 (2007).  Indeed, "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements do not

suffice." *Id.*  Furthermore, a claim upon which a court can grant relief must have facial

plausibility. *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content

4

1    that allows the court to draw the reasonable inference that the defendant is liable for the

2    misconduct alleged."  *Id.* at 556.

3         In addition, on Section 1915 review, an IFP plaintiff's complaint must comply with Rule 8,

4    which requires a short and plain statement of the claims.  *See* Fed. R. Civ. P. 8(a).  In order to

5    meet the standards of Rule 8, a complaint generally must identify each harm alleged and the

6    defendants responsible for each harm.  *See Jones v. U.S. Supreme Ct.*, No. C 10-02750 SI, 2010

7    WL 2975790, at *1 (N.D. Cal. July 26, 2010).

8                        **THE FAC SURVIVES SECTION 1915 REVIEW**

9    **A.     Plaintiffs' Section 1983 Claims**

10        To plead a violation of Section 1983, a plaintiff must allege that someone acting under the

11   color of state law violated his constitutional rights or rights secured by federal statute.  *West v.*

12   *Atkins*, 487 U.S. 42, 48 (1988).  All of the Section 1983 claims in the SAC are against the City of

13   Oakland; that is, Plaintiffs only bring municipal liability claims and no longer bring claims against

14   individual officers.  As described in the Court's earlier Order dismissing the FAC,

15   a Section 1983 plaintiff bringing municipal liability must plead facts sufficient to demonstrate

16   that, "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury

17   alleged."  *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. at 404 (emphasis in original).

18        Plaintiffs' Section 1983 claims allege violations of Plaintiffs' right to equal protection

19   under the law.  As described in the Court's Order dismissing the FAC, to state a Section 1983

20   claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acting

21   under the color of state law "acted with an intent or purpose to discriminate against the plaintiff

22   based on membership in a protected class."  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1196

23   (9th Cir. 2005) (citation omitted).

24        Here, the gravamen of Plaintiffs' Section 1983 claims is that the OPD's treatment of

25   Plaintiffs' requests for internal investigations—namely, their failure to conduct thorough, unbiased

26   investigations—was motivated by racial and religious discriminatory animus and therefore

27   violated Plaintiffs' right to equal protection under the law.  As the Court noted, other courts have

28   concluded that a plaintiff stated claims for Section 1983 liability—against both officers involved

United States District Court
Northern District of California

and a municipality—where the plaintiff alleged that the police department's failure to investigate citizens' complaints amounted to deliberate indifference to the need for police action.  *See, e.g.*, *Lacy v. Cnty. of San Diego*, No. 12-CV-624, 2012 WL 4111507, at *3-4 (S.D. Cal. Sept. 18, 2012).  And plaintiff may be able to state a claim under Section 1983 by contending that OPD administered its internal investigations procedures in a manner motivated by intentional discrimination against Black Muslims.  *See Elliot-Park v. Manglona*, 592 F.3d 1003, 1007 (9th Cir. 2010).  In the FAC the Court identified infirmities that prevented Plaintiffs' Section 1983 from passing Section 1915 review and proceeding to service by the Marshals.  In the SAC, Plaintiffs have cured these defects sufficient to proceed to service by the Marshals.

First, Plaintiffs have sufficiently alleged facts identifying particular injuries to each Plaintiff.  The SAC clearly identifies which Plaintiff filed each IAD complaint, what each complaint was about, and how each Plaintiff was affected by the OPD's actions or inactions. While, taken alone, the separately-pleaded counts based on particular policy violations may not qualify as stand-alone causes of action, taken together they state a claim upon which relief may be granted.  The allegations are therefore sufficient to survive Section 1915 review.  Next, Plaintiffs bring each claim against the City as a municipal liability claim; this clearly puts the City on notice of the claims against it.  Finally, Plaintiffs have sufficiently pleaded for the purposes of Section 1915 review a basis for equitable tolling based on allegations that the OPD covered up its discriminatory tactics.  Accordingly, the Section 1983 claims alleged in the SAC are sufficient to survive Section 1915 review.

**B.    Plaintiffs' Section 1985(3) Conspiracy Claims**

Finally, two counts of the SAC allege conspiracy under 42 U.S.C. § 1985.  The Court previously dismissed Plaintiffs' Section 1985 claim for failure to plead a cognizable claim under Section 1983—the predicate constitutional violation underlying any conspiracy to violate Plaintiffs' rights—and failure to plead facts from which an inference of such an agreement to violate rights could be inferred.  *See Bey II*, 2014 WL 7206581, at *7 (citations omitted); *Bey I*, 2014 WL 4220319, at *4 (citations omitted).  For the purposes of Section 1915 review, Plaintiffs have cured these defects.  First, the SAC as written now states a Section 1983 Equal Protection

United States District Court
Northern District of California

1  claim for the reasons explained above.  In addition, the SAC "allege[s] facts that plausibly support
2  an inference that each and every defendant was involved in a conspiracy to injure Plaintiffs."  *Bey*
3  *I*, 2014 WL 4220319, at *6.  Specifically, Plaintiffs explain the conspiracy—one to cover up a
4  pattern and practice of discrimination against Black Muslims at least in part by failing to
5  investigate claims against OPD officers—and names the particular OPD employees involved in
6  the alleged conspiracy.  (*See* Dkt. No. 15 at 14, 16.)  Moreover, based on the allegation that the
7  failure to investigate was the result of "purposeful, plotted, and planned" action after "internal
8  meetings[,]" an agreement can be inferred.  (*Id.* at 14.)

9      Notably, the City of Oakland is listed as the sole defendant in the Section 1985 counts, and
10  the individuals listed as part of that conspiracy are all members of the OPD—a single government
11  entity.  (*See id.*)  The *Monell* municipal liability doctrine applies not only to Section 1983 cases,
12  but also to conspiracy claims under Section 1985.  *Luke v. Abbott*, 954 F. Supp. 202, 202 n.1 (C.D.
13  Cal. 1997) (citing *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979)).  Thus, a municipality may
14  be held liable under Section 1985.  However, under the intracorporate conspiracy doctrine, "a
15  corporation cannot conspire with its own employees or agents."  *Wash. v. Duty Free Shoppers*,
16  696 F. Supp. 1323, 1325 (N.D. Cal. 1988) (citation omitted).  The Ninth Circuit "has not yet
17  addressed whether individual members of a single government entity can form a 'conspiracy'
18  within the meaning of [S]ection 1985[,]" and other circuits are split.  *Fakoya v. Cnty. of Clark*, No.
19  2:12-cv-02149-JAD-CWH, 2014 WL 5020592, at *7 (D. Nev. Oct. 8, 2014) (citations omitted);
20  *see also Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 910 (9th Cir. 1993).  Given the lack of
21  clarity on this issue, the Court declines to find that the intracorporate conspiracy doctrine prevents
22  Plaintiff's claim from surviving Section 1915 review.  Accordingly, Plaintiff's Section 1985
23  claims may also proceed to service.

24                             **CONCLUSION**

25      For the reasons explained above, Plaintiffs' SAC states a claim upon which relief can be
26  granted and therefore passes Section 1915 review.  The Clerk of Court shall issue the summons.
27  Further, the U.S. Marshal for the Northern District of California shall serve, without prepayment
28  of fees, a copy of the SAC, any amendments or attachments, and this Order upon the Defendant.

1    The Court's decision to allow the SAC to proceed to service is without prejudice to Defendant

2    moving to dismiss the claims on any grounds.

3         **IT IS SO ORDERED**.

4    Dated:  April 23, 2015

5
                                                                    _____
6                                                                   JACQUELINE SCOTT CORLEY
                                                                    United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California