ALI SALEEM BEY
JOHN MUHAMMAD BEY
2417 Palmetto Street
Oakland, California 94602
(510) 6972127
Sbey99@gmail.com
ALI SALEEM BEY
JOHN MUHAMMAD BEY, pro per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI SALEEM BEY,<br>JOHN MUHAMMAD BEY<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OAKLAND; DERWIN<br>LONGMIRE; ERSIE JOYNER; OLIVER<br>CUNNINGHAM; DANIELLE OUTLAW;<br>DAVID DOWNING; PAUL FIGUEROA;<br>SEAN WHENT, WILLIAM GRIFFITH,<br>PUAL FIGUEROA, and ROBERT<br>WARSHAW as DOES 1-9<br>Defendants | Case No. 14-CV-14-06126 JSC<br><br>THIRD AMENDED COMPLAINT FOR<br>DECLARATORY JUDGMENT-DEMAND<br>FOR JURY TRIAL 28 .S.C § 2201; 42 U.S.C.<br>§1983; §1985; §1986<br><br>Date: January 20, 2016<br><br>Honorable Judge Jacqueline Scott Corley |

1.      Parties in this Complaint

a.      Plaintiff(s)

Name: Ali Saleem Bey

Address: 2417 Palmetto Street, Oakland, California 94602

Phone number: 510-697-2127

Name: John Muhammad Bey

Address: 2417 Palmetto Street, Oakland, California 94602

Phone Number: 510 697-2127

b. Defendant(s).

Defendant 1: City Of Oakland, 250 Frank Ogawa H. Plaza

Oakland, California 94612

| Defendant | 2: Derwin Longmire | DOE 1 |
| Defendant | 3: Ersie Joyner | DOE 2 |
| Defendant | 4: Oliver Cunningham | DOE 3 |
| Defendant | 5: Danielle Outlaw | DOE 4 |
| Defendant | 6: David Downing | DOE 5 |
| Defendant | 7: Paul Figueroa | DOE 6 |
| Defendant | 8: Sean Whent | DOE 7 |
| Defendant | 9: William Griffith | DOE 8 |
| Defendant | 10: Robert Warshaw, PPS LLC | DOE 9 |

## JURISDICTION

Jurisdiction of the United States District Court is 28 U.S.C §2201§ 42 U.S.C. §1983, 42 U.S.C. § 1985, and 42 U.S.C.§ 1986.

## VENUE

venue is appropriate in this Court because all plaintiffs and all defendants reside in/ or were doing business in Alameda County at the time of the violation[s].

## INTRADISTRICT ASSIGNMENT

This lawsuit should be assigned to a Division of this Court in San Francisco, California, because all violations of plaintiffs' constitutional rights occurred in Alameda County where all plaintiffs and all defendants reside or have their business office.

## STATEMENT OF FACTS

Plaintiffs John Muhammad Bey and Ali Saleem Bey are businessmen, family men and community leaders in the Oakland Black and Muslim community. Plaintiffs prayed and fellowshipped every Sunday with other Muslims and persons from all walks of life at 5832 San Pablo Ave. in the Golden Gate District of Oakland Ca. Neither of the Plaintiffs has a criminal record nor have they ever engaged in "terrorist" activities. Both Plaintiffs volunteered, by giving back in the Community school and mentoring young black men most at risk. Politically, Plaintiffs were known and respected throughout Alameda County and the Bay Area by representative politicians at all levels including local, county, state, and federal as positive Black and Muslim community leaders. Plaintiffs' specific reputations in City Hall in the City of Oakland were known and respected as excellent across multiple Administrations and City Councils. Plaintiffs were members of a community of law abiding persons that numbered in the hundreds that included individuals, families with children, and entrepreneurs that for over 36 years built and established the Golden Gate District into the Black Muslim equivalency of Oakland's Chinatown or Fruitvale Districts as they relate to Asian and Latino citizens of Oakland. Plaintiffs are well known vocal advocates of Police reform for the Oakland Police Department (OPD) based upon a history of oppression of communities of color in Oakland.

02/27/04 Waajid Bey was disappeared and plaintiffs John Bey and Saleem Bey filed a missing persons report with OPD on 03/01/04.

08/04 Waajid Bey's body is found changing his case to a CID murder investigation

06/17/05 John Bey is ambushed by 4 gunmen which opens attempted murder investigation

08/05 Unbeknownst to plaintiffs OPD CID closed plaintiffs John Bey's case with out investigation while professing to plaintiff that said case is still being investigated.

09/01/05 plaintiff Saleem Bey files a Concealed Carry Weapons permit (CCW) application

03/06 OPD denies plaintiff Saleem Bey's CCW

07/13/07 plaintiffs Saleem Bey files IAD complaint 07-0538 naming OPD chain of command employees Brock and Crutchfield as failing to investigate the Waajid Bey and John Bey cases.

09/01/07 defendant employees Whent and Downing close the investigation of plaintiffs IAD07-0538 with no "finding"

03/11 Plaintiffs make records request of John Bey and Waajid Bey cases and are told that said case files are lost.

09/11 through due diligence plaintiffs discover that OPD CID closed John Bey case 08/05 but never advised plaintiff John Bey.

11/11 plaintiffs file Citizens Police Review Board complaint against defendant chain of command responsible for concealing John Bey and Waajid Bey case files and deception over status.

07/12 plaintiffs notice defendant City council and City Attorney office that Defendant City of Oakland OPD employees where concealing evidence of misconduct connected to murder cases.

On 03/2013 plaintiffs Ali Saleem Bey and John Muhammad Bey (hereafter referred to as Saleem Bey and John Bey) requested newly appointed compliance director Thomas Frazier (here after Frazier) to open an investigation of OPD pattern and practice of systemic policy violations committed against said plaintiffs and Your Black Muslim Bakery (hereafter YBMB) 2002 – 2013. Said defendants comprising OPD chain of command repeatedly concealed through this conspiracy [1985] as it relates to said current employees Whent, Downing, Longmire, and Joyner's obstruction of justice and deliberate indifferent service provided resolving crimes against plaintiffs and associates

as Black Muslims, specifically to investigate OPD misconduct related to  a. 2004 Waajid Bey murder case b. 2005 John Bey attempted case and c. 2007 IAD Whent and Downing's misconduct failure to investigate concealment through omission of Saleem Bey IAD07-0538 complaint [hereafter a.b.c] and the conspiracy by defendant chain of command to criminally obstruct justice in the murder investigations of Chauncey Bailey, Odell Robeson, Michael Wills, and Waajid Bey linked to systemic defendant chain of command misconduct against plaintiffs.

Plaintiffs' complaint to Compliance Director Frazier alleged a policy of deliberate indifference and depraved indifference misconduct committed against plaintiffs by defendant City of Oakland past employees Howard Jordan, Wayne Tucker, Todd Crutchfield, Bruce Brock, Andre Rachal, Jeffery Loman, and current OPD employees Sean Whent, Ersie Joyner, Derwin Longmire, and David Downing. (see Exhibit #1)

On or about 04/20/2013 Thomas Frazier directed OPD to open an investigation of plaintiffs' complaint and provide said Thomas Frazier with facts of the investigation which had been gathered from OPD's deliberate indifference and depraved indifference toward plaintiffs Saleem Bey and John Bey.

On or about 01/20/2014 the Honorable United States District Judge Thelton Henderson removed Thomas Frazier from overseeing said plaintiffs' case and replaced said Thomas Frazier with Robert Warshaw. As federal compliance director Robert Warshaw never completed the investigation of the pattern and practice of policy violations alleged by plaintiffs Saleem Bey and John Bey requested on 03/2013 and closed 03/18/2014. (see record)

Defendant IAD Captain Oliver Cunningham assigned IAD employee My Nguyen. Nguyen contacted plaintiff John Muhammad Bey by phone, explaining that then compliance director Frazier's instruction to defendant was to open a transparent that is…openly acknowledged by all involved

including current chain of command Whent, Figueroa, Downing and Outlaw and progress tracked for fair treatment and "in compliance" completion and resolution. When plaintiffs complained of a history of diminished service by defendant OPD and specifically OPD IAD, IAD employee My Nguyen stated that IAD13-1062 was being watched by "everyone" which defendant employee defined as the compliance director Frazier, the monitor Warshaw, and OPD Chain of command consisting of Oliver Cunningham, Danielle Outlaw, David Downing, Paul Figueroa, and Sean Whent.

IAD 13-1062 complaint contained plaintiffs specific complaints against OPD current employees Sean Whent, David Downing, Ersie Joyner, and Derwin Longmire for systemic criminal and deliberate indifferent actions and their concealment (2002 – present), actions constituting deprave indifference to the life and physical safety of plaintiffs, systemic failure to investigate crimes against plaintiffs, failure to provide equal treatment to plaintiffs by CID and IAD, and active concealment of a historical nimus driven pattern and practice of systemic policy (MOR violations) involving repeated diminished services and racial and religious profiling against plaintiffs post 9/11 to present.

Plaintiffs specifically complained to IAD intake employee My Nguyen that multiple conflicts of interests tainted IAD13-1062 before starting. Plaintiffs then continued their demand for an independent investigation of their complaint based on a demonstrated history of diminished service by defendant provided to plaintiffs John Muhammad Bey and Ali Saleem Bey (the original independent investigation demand by plaintiffs is in writing and dated 07/13/2007 in IAD complaint 07-0538). Plaintiffs specifically compared defendants treatment of "occupy" IAD investigating itself conflict of interest tainted investigation that defendant Administration voted for and provided independent investigation services to rectify and resolve in accordance to written policy.

Defendant employee My Nguyen informed plaintiffs he was "only" the intake officer and another officer would be assigned to investigate plaintiffs' complaint. Defendant employee My

Nguyen scheduled a time and date when plaintiffs could come to the IAD office an "officially" open IAD13-1062 complaint. Both plaintiffs participated in the face to face meeting with employee My Nguyen on or about 07/2013 and specifically gave defendant employee My Nguyen physical as well as verbal evidence supporting plaintiffs' allegations of fraudulent concealment of class 1 MOR violations by current employees Whent, Downing, Joyner, and Longmire and said employees pattern and practice of systemic diminished services provided plaintiffs. Plaintiffs specifically provided evidence that the failure to investigate IAD complaint 07-0538 by current employees Whent and Downing was systemic, purposeful, and plotted by chain of command in conspiracy with current employees Whent and Downing to conceal CID chain of command (Tucker, Jordan, Loman, Joyner, Longmire, Brock, and Crutchfield) deprave indifferent connection to the murders of civilians Robeson, Wills, and Bailey.

Plaintiffs provided evidence that current employees Joyner, Whent, and Downing's actions against plaintiffs and complicit "concealment via omission" aiding and abetting of CID chain of command (i.e current employees Whent and Downing's purposeful omission of Joyner, Brock, and Crutchfield in plaintiffs IAD07-0538), for their complicity in crime current employees Whent and Downing were rewarded by said chain of command with promotion of rank, salary, and retirement benefits. Current chain of command is infected by this criminal upward failure in reward by promotion. Evidence of a defendant "broken" policy of promotion is Tucker's promotion to the head of IAD of Poulson, the "inside" known and concealed in conspiracy murdered of Amaro, concealed in conspiracy by CID member Galindo, who was partners with Longmire, Brock, Crutchfield, and Basa supervised by Joyner. Poulson was the supervisor of Whent and Downing at the time of plaintiffs IAD07-0538 fraudulently 2007 concealed complaint that shielded Tucker from exposure and criminally suppressed evidence tying chain of command to civilian murder.

1    Defendant employee William Griffith was assigned by chain of command to investigate

2    plaintiffs' complaint IAD13-1062. Defendant William Griffith was responsible for meeting with

3    plaintiffs to get information and update plaintiffs on the progress of his investigation of IAD13-1062.

4    On or about 11 2013 while under then Compliance Director Frazier supervision Griffith told

5

6    plaintiffs that his [William Griffith] investigation had discovered that "Waajid Bey's murder case was

7    connected to the murders of civilian community members Odell Roberson and Michael Wills through

8    the Gun Walked AK47 murder weapon". Plaintiffs level of service changed after the replacement of

9    Frazier with defendant Warshaw. After this change defendant William Griffith never met with

10   plaintiffs. Griffith's investigation of plaintiffs' complaint resulted in deliberate indifference, short

11

12   shrift concealment of evidence via omission. Griffith purposely failed to produce findings as required

13   by defendant policy outlined in TASK 5 section 5with the express approval of OPD chain of

14   command. Griffith and chain of command conspired to omit material evidence of corruption

15   committed against plaintiffs by current defendant employees Ersie Joyner, Derwin Longmire, Sean

16   Whent and David Downing all explicitly named in and purposely left out in conspiracy of the

17

18   resolution letter dated 03/18/2014 closing plaintiffs IAD13-1062 complaint.

19       Defendant employee William Griffith missed completing the investigation of plaintiff

20   complaint IAD13-1062 within the policy specified time limit of 180 days, failed to  provide plaintiffs

21   as complainants any findings against any current employees named by plaintiffs in writing multiple

22   times, first given to intake defendant employee My Nguyen in writing and in person, then given to

23

24   defendant employee Griffith in the form of audio, video, paper and in person multiple ways and also

25   in person in multiple meetings with defendant employee  supervisor Oliver Cunningham.

26       During the investigation of 13-1062 Plaintiffs specifically gave detailed evidence multiple

27   times to multiple defendant employees of the continued concealment of OPD employees Joyner and

28

Longmire's depraved indifferent actions resulting in the murders of civilians Bailey, Roberson, and Wills. Plaintiffs clearly complained of the continued failure to admit and punish current defendant employees Sean Whent, David Downing, Ersie Joyner and Derwin Longmire for systemic civil rights violations committed as policy and approved of in conspiracy by OPD chain of command against plaintiffs Ali Saleem Bey and John Muhammad Bey.

The compliance director position under authority of Honorable Thelton Henderson is a contractor paid by defendant City of Oakland. The compliance director is responsible for supervising chain of command and ensuring compliance with the Allen vs. Oakland agreed upon federal consent decree Negotiated Settlement Agreement (NSA) to address systemic OPD historic civil rights violations especially against black and brown citizens of Oakland. The compliance director position is responsible for meting out punishment to OPD chain of command (chief, Assistant chief and deputy chief positions) who have demonstrated a historic failure to hold themselves accountable for MOR violations while quickly throwing rank and file "under the bus" to cover their tracks.

The Allen vs. Oakland Negotiated Settlement Agreement (NSA) federal consent decree is outlined in mandatory "monitored" for compliance "Tasks" that OPD is required to be in compliance with by federal decree (hence current contractor Warshaw's dual title of compliance director / monitor).

IAD13-1062 complaint submitted to defendant My Nguyen by plaintiffs Saleem Bey and John Bey on or about 07/27/2013 was very detailed, multifaceted, and complex, containing evidence connected to current chain of command Sean Whent and David Downing's 2007 obstruction of justice in plaintiff Saleem Bey's IAD07-0538 complaint and the "high profile" murder cases of Chauncey Bailey, Waajid Bey, Odell Robeson, and Michael Wills.

On and after 09/01/07 defendants Sean Whent and David Downing concealed evidence defined as obstruction of Justice [18 U. S. Code §1811], said defendants failed to provide plaintiff Saleem Bey's complaint IAD07-0538 filed 07/13/07 [constituting concealing material evidence] to Attorney General Jerry Brown's State Department of Justice request for evidence related to the Chauncey Bailey murder investigation.

Defendant Whent concealed evidence in conspiracy that OPD employees Howard Jordan, Wayne Tucker, Todd Crutchfield, Bruce Brock, Andre Rachal, Jeffery Loman and current OPD employees Ersie Joyner, and Derwin Longmire knew on 07/17/2007 that plaintiff Saleem Bey was the source, and a subject, along with plaintiff John Bey and business associate Waajid Bey of Chauncey Bailey's last story, based on plaintiff Saleem Bey IAD07-0538 complaint that resulted in his murder by an OPD "gun walked" weapon.

Said "gun walked" shotgun posed a known life danger to plaintiffs between 11/28/05 and 08/02/07. said shotgun was used to murder Chauncey Bailey on 08/02/07, was known by chain of command to have been stolen by Yusuf Bey 4th on 11/28/05. Said "gun walked" illegal shotgun was known to be in the control of Yusuf Bey 4th between 11/28/05 and 08/02/07. Said illegal weapon's use in violation of plaintiffs civil rights to equal protection was being actively tracked, and purposely with deprave heart towards plaintiffs' safety, not interdicted by OPD CID chain of command Defendants OPD employees Howard Jordan, Wayne Tucker, Todd Crutchfield, Bruce Brock, Andre Rachal, Jeffery Loman and current OPD employees Ersie Joyner, and Derwin Longmire. Current employee Whent concealed this off the books "gun walking" operation run by said CID chain of command with depraved indifference to plaintiffs', plaintiffs' immediate family members, and associates physical safety.

On 03/18/2014 defendants Oliver Cunningham and Danielle Outlaw met with plaintiffs John Bey and Saleem Bey at OPD office space and provided said plaintiffs with a letter closing said investigation. Plaintiffs notified Danielle Outlaw and Oliver Cunningham that IAD 13-1062 investigation was insufficient and incorrect, because said document was devoid of all plaintiff identified and complained about current defendant employees [Sean Whent, David Downing, Ersie Joyner, and Derwin Longmire]. (see Exhibit #2)

On or about 06/2014 plaintiffs discovered through Freedom Of Information Act [FOIA] documents that three (3) months after 9/11 Defendant OPD Criminal Investigation Division CID Intelligence Section (IS) based upon a historical religious intolerance and vitriolic hatred of Black Muslim did falsely designate and investigate using federal resources, plaintiffs as leaders of a 36 year Oakland Domestic Terrorist armed and dangerous Black militia, running a criminal racketeering enterprise RICO. Plaintiffs discovered that OPD CID with depraved indifference to plaintiffs' lives used illegal "gun walking" tactics against plaintiffs that resulted in the murders of civilians.

On 07/08/07 Odell Robeson was murdered by a defendant CID "gun walked" AK47 known by OPD chain of command to be controlled by Yusuf Bey 4th and pose a direct life threat to plaintiffs. On 07/12/07 Michael Wills was murdered by a defendant CID "gun walked" AK47 known by OPD chain of command to be controlled by Yusuf Bey 4th. (YB4th) and pose a direct life threat to plaintiffs.

06 -07/07 YB 4th knew plaintiff Saleem Bey was openly and publically accusing him of the Your Black Muslim Bakery fraudulent bankruptcy to defendant City of Oakland Police, Mayor Ron Dellums, County Supervisor Keith Carson, State Assemblyman Sandre Swanson, and Congresswoman Barbara Lee. Plaintiff Saleem Bey wrote letters to and testified in murder victim

Waajid Bey's stolen Your Black Muslim Bakery fraudulent bankruptcy, court of Judge Edward Jellen with YB 4th present and known to OPD.

On 07/16/07 defendant OPD chain of command and the Alameda County District Attorney Office approved and participated in Yusuf Bey 4th 's release from Solano County custody with full knowledge and depraved indifference that 4th had access to said "gun walked" weapons (shotgun and AK47 used to murder Robeson 7/8 and Wills 7/12) and posed an imminent life threat to plaintiffs John Bey and Saleem Bey.

Sometime between 07/17/07 (the writing of Bailey's story) and 08/02/07 (the murder of Bailey), OPD chain of command changed the date of the arrest of Yusuf Bey 4th from 08/01/07 to the day after the murder of Bailey 08/03/07. Defendant OPD chief of police Tucker was 4 years later exposed (2011) as purposely lying to the public to conceal OPD chain of command's change of date to the day after the murder of Chauncey Bailey.

On 08/02/07 current employee Ersie Joyner states that he ordered all OPD CID surveillance of Yusuf Bey 4th and associates (with defendant chain of command known access to said "gun walked" shotgun and AK47 weapons) stopped exactly during the time of Bailey's murder, thereby "missing" the 3rd murder in 2 weeks by OPD chain of command "gun walked" weapons known to be accessible to Yusuf Bey 4th. OPD chain of command knew this "stand down" order posed a direct threat to the life and liberty of plaintiffs Saleem Bey and John Bey.

According to the conviction achieved by ALCO DA Melissa Krum, Yusuf Bey 4th using the freedom afforded by OPD chain of command, chose (at that time) not to attempt to murder plaintiff Saleem Bey the source of all the negative information about him and instead ordered Chauncey Bailey murdered on 08/02/07 with the "gun walked" shotgun to silence Bailey's story that would

have exposed criminal actions of OPD chain of command that resulted in Black on Black murder and the murder of innocent civilians.

On 09/01/07 Defendants Sean Whent and David Downing discriminated against plaintiffs by failing to investigate plaintiffs' IAD07-0538 complaint against chain of command with deliberate indifference to plaintiffs' equal treatment. Whent discriminated against plaintiffs equal treatment when compared with his supervision of defendant OPD investigation of similar situated OPD officer Grant's IAD complaint, also supervised by defendant Whent. Defendants

Whent and Downing concealed evidence of a defendant policy of civil rights violations against plaintiffs as Black Muslims contained in IAD 07-0538 complaint to the detriment of plaintiffs Saleem Bey and John Bey. Defendants Sean Whent and David Downing concealed evidence from State DOJ investigators, constituting at least obstruction of justice, by failing to include plaintiff filed IAD 07-0538 in the DOJ request made to IAD Chan for evidence related to the murder and investigation of said murder of Chauncey Bailey. All the above misconduct discrimination against plaintiffs was concealed by defendant Whent through his appointee Cunningham via incomplete IAD13-1062.

These facts and evidence make plaintiffs' IAD13-1062 complaint a more complex investigation than the IAD investigations of similarly situated non Black Muslim initiated "Occupy" related allegations of misconduct against defendant OPD employees by non Black Muslim complainants. Said "Occupy" investigation was similarly [as plaintiffs complaint] complex, multi-layered, multi cased and supervised by Thomas Frazier. Said "Occupy" investigation was conducted and completed according to defendant policy, producing detailed reports on itemized misconduct allegations, whereas, in an example of unequal treatment plaintiffs received a purposely incorrect,

one page summation that conceal evidence beneficial to plaintiffs and protects "dirty" religious profiling cops with no "findings" against current OPD employees.

In comparison plaintiffs' Black Muslim IAD13-1062 complaint which similarly was about current defendant employees and chain of command misconduct, resulted in plaintiffs receiving "deliberate indifferent" diminished services in the form of an incomplete, one page summation. Unlike the detailed reports provided in the "Occupy" investigation of misconduct against non Black Muslims, said incomplete document provided to Black Muslim plaintiffs, was devoid of policy mandated "findings" related to plaintiffs' complaints against current employees defendants Sean Whent, David Downing, Ersie Joyner, and Derwin Longmire.

The purposeful omission of "findings" against current employees concealed in IAD13-1062 was agreed upon in conspiracy by defendant employees;  Derwin Longmire, Ersie Joyner, Oliver Cunningham, Danielle Outlaw, David Downing, Paul Figueroa, and Sean Whent to conceal current defendant employees' policy of deliberate indifference misconduct toward plaintiffs Saleem Bey and John Bey in violation of plaintiffs §1983 and §1985 civil rights. Said conspirators, conferred regulary and communicated repeatedly via meetings, emails, and phone between on or about 07/2013 through 03/2014 about plaintiffs' complaint IAD13-1062. Said defendants agreed in conspiracy to present plaintiffs with a known false statement "no current employees or their supervisor" to conceal evidence that will benefit plaintiffs and be detrimental to chain of command.

Plaintiffs' repeating (2004, 2005, 2006, 2007, 2011, 2012, 2013, 2014,2015, and 2016) deliberate indifference "short shrift" treatment is a defendant policy revealed by defendant employee Ersie Joyner's 2009 OPD  internal "skelly" testimony, that states *all things were treated differently* regarding OPD interaction with plaintiffs, their associations and  religious affiliations.

Defendant employee supervisor Joyner admits that an OPD "policy" of difference in treatment of plaintiffs exists. This policy could not exist without the approval and implementation of defendant OPD chain of command. Plaintiffs have shown repeating examples of said policy of "different" treatment resulting in deliberate indifferent [diminished service] treatment of plaintiffs by Defendant OPD employees, up to an including, said defendants Oliver Cunningham, Danielle Outlaw, David Downing, Paul Figueroa, and Sean Whent's "short shrift" deliberate indifferent treatment of plaintiffs' IAD13-1062 complaint.

Defendant employee Derwin Longmire testified on or about 07/24/2011 that defendant OPD current employees and chain of command have a policy of culturalized supervisor acceptable openly expressed hatred "of the existence of Black Muslims and Your Black Muslim Bakery" of which applies to plaintiffs protected class and status.

These [admitted] irrational defendant OPD policies of hatred resulting in "different" which is code for defendant policy of approved "discriminatory" treatment of Black Muslims were specifically targeted at and repeatedly applied to plaintiffs Saleem Bey and John Bey to their detriment. Said defendant policies of hatred and "different" treatment of Black Muslims was the moving force behind said deliberate indifferent treatment of plaintiffs by OPD CID and IAD failed investigations of crimes committed against Black Muslims and especially Black Muslim leadership as plaintiffs are known to be.

Plaintiffs have demonstrated through multiple exhibits, and admissions by defendant employees that defendant's policy of hatred and depraved difference toward plaintiffs Saleem Bey and John Bey have repeatedly resulted in biased treatment of said plaintiffs by defendant OPD employees following an established policy of deliberate indifference in administering its regular and

1    internal investigation procedures in a manner motivated by intentional discrimination against Black

2    Muslims which plaintiffs Saleem Bey and John Bey are known to be.

3            Said defendant bias policies against plaintiffs are clearly evident, when compared to the level

4    of service defendant City of Oakland provided similar situated "non Black Muslim" benefiting
5
6    "Occupy" investigations 2011 – 2012.  Said "Occupy" investigations were also supervised by

7    Thomas Frazier 2012-2013. Said "Occupy" investigations followed defendant policy, resulting in

8    defendant providing "Occupy" complainants with many pages and detailed reports that addressed the

9    allegations made against individual defendant OPD current employees as well as reported on OPD
10
     chain of command lack of supervision.
11
12          Whereas, plaintiffs' complaint IAD13-1062 which received an unwritten policy of diminished

13   service treatment by defendant OPD's failure to follow  written policy, Said "Occupy" related

14   treatment and documentation was in accordance with written defendant policy.  Defendant City of

15   Oakland followed TASK 5 section 5 of the Allen vs. City of Oakland Negotiated Settlement

16   Agreement (NSA) Federal Consent Decree policy [requiring a finding for each allegation] for
17
     investigations of non Black Muslim or plaintiff related "Occupy" misconduct cases, yet again
18
19   defendant OPD failed to provide plaintiffs this same mandated information in IAD13-1062.

20   Defendants violated plaintiffs Saleem Bey and John Bey's 42 U.S.C. §1983 equal protection civil

21   rights, based upon, in part, admitted defendant policy of "different" treatment within defendant

22   OPD's policy of culturalized hatred for Black Muslims which plaintiffs are known to be. Defendants
23
24   Oliver Cunningham, Danielle Outlaw, David Downing, Paul Figueroa, and Sean Whent in conspiracy

25   purposely omitted this information in plaintiffs' IAD 13-1062 complaint report resulting in "short

26   shrift" deliberate indifferent treatment of plaintiffs' IAD13-1062 complaint. .

27

28

On 03/18/14 defendants Oliver Cunningham, Danielle Outlaw, David Downing, Paul Figueroa, and Sean Whent in conspiracy failed to provide the same level of service to plaintiffs as similarly situated "Occupy" investigations to the investigation of plaintiffs' John Bey and Saleem Bey IAD complaint 13-1062. Plaintiffs received a one page, incomplete, purposely factually incorrect letter, intended to conceal evidence of misconduct committed against plaintiffs by current defendant employees  Whent, Downing, Joyner, and Longmire.

Whereas similarly situated "Occupy" complaints, received detailed reports on each allegation and each named officer. Defendant current employees Sean Whent, David Downing, Paul Figueroa, Danielle Outlaw, Oliver Cunningham, Ersie Joyner, and Derwin Longmire met in conspiracy to agree to omit [thus fraudulently conceal] from plaintiffs and the public all MOR violation "findings" against current employees Sean Whent, David Downing, Ersie Joyner, and Derwin Longmire specifically named in plaintiffs' IAD13-1062 complaint.

03/18/14 Defendant OPD IAD found "unnamed" ex-employees sustained of systemic violations related to failure to investigate crimes against Black Muslims, i.e. Waajid Bey murder case, and plaintiff John Bey attempted murder case. These sustained findings against Brock and Crutchfield where known and available to defendants Sean Whent and David Downing between 07/13/2007 and 09/01/07 but said defendants purposely concealed these facts and others from plaintiffs and State DOJ investigators behind a purposely vague statement *"The Internal Affairs Division has documented and worked toward resolving your complaint, the circumstances will be further reviewed in order to improve our future service to the community"* that contains no admission of misconduct against defendant employees Brock and Crutchfield or their supervisor Ersie Joyner as was true at that moment in 2007.

1

2      Defendants' Oliver Cunningham, Danielle Outlaw, David Downing, Paul Figueroa, and Sean

3  Whent continued systemic discriminatory deliberate indifferent actions in providing diminished

4  services [IAD13-1062 2013 – present] to plaintiffs is irrationally motivated by a policy of hatred

5  against plaintiffs as Black Muslim and wholly unrelated to any legitimate "state" objective.

6      Defendants employees continue said irrational "policy" as the moving force behind the

7  deliberate indifferent treatment of plaintiffs, in spite of the fact that plaintiffs have no criminal record,

8  posed no violent risk to the public, and were investigated by defendant employees using federal

9  resources and found not be Domestic Terrorists running a Criminal Racketeering enterprise (RICO)

10  09/09/2004.

11      These facts about plaintiffs as individuals were known by defendants Whent, Downing,

12  Cunningham, Outlaw, and Figueroa before starting the investigation of IAD13-1062. These facts that

13  plaintiffs were not Domestic Terrorist running a criminal enterprise out of "the Bakery" were also

14  known by successive defendant OPD chain of commands and CID and IAD employees since

15  09/09/04.

16      Defendants discriminatory actions against plaintiffs associated with the deliberately

17  indifferent 2013 -2014 investigation of IAD13-1062  is irrational given defendant OPD's intimate,

18  personal, historical knowledge and current status of plaintiffs as law abiding citizens. It is even more

19  irrational when combined with the fact that defendants themselves validated plaintiffs' 2007

20  complaint of discrimination by finding the same employees complained about in plaintiff Saleem

21  Bey's IAD07-0538 [then current employees Crutchfield and Brock] sustained of failure to investigate

22  cases against Black Muslims seven years later in 2014.

1    These sustained findings of failure to investigate the Waajid Bey case and John Bey case was

2    true in 2007, but concealed by defendants Sean Whent and David Downing and proven as irrational

3    discrimination against plaintiffs in 2014.

4         Now as of the filing of this complaint [2016], defendants in furtherance  of said demonstrated

5    defendant policy of discrimination against plaintiffs, again provided deliberate indifferent treatment

6    to plaintiffs by failing to investigate complaints by plaintiffs against current defendant employees

7    [Whent, Downing, Joyner, Longmire] named in IAD13-1062 and failing to provide equal treatment

8    in reporting plaintiffs' complaint.  This deliberate indifferent tactic is employed as a policy by

9    defendant OPD IAD to shield "dirty " currently employed cops from exposure until they retire, the

10   statute of limitations expires, or before due diligence exposes the under color of law concealment.

11        The facts of deliberate indifferent treatment by defendant OPD CID employees Brock,

12   Crutchfield, and Joyner were known by defendants Whent and Downing on 09/01/07 and required by

13   defendant policy to be reported to superior officers as well as revealed to plaintiff Saleem Bey as

14   complainant. Yet defendants Whent and Downing purposely concealed said evidence in conspiracy

15   through meetings and communications with OPD Chain of command (Tucker, Jordan, Loman, and

16   Joyner) beginning 07/13/07 from plaintiffs, thereby deliberately concealing evidence of a defendant

17   OPD policy through delivering diminished services to plaintiffs.

18        Defendant OPD 42 U.S.C. §1983 violating policy of providing systemic "diminished service"

19   treatment to plaintiffs Saleem Bey and John Bey is a result of the moving force of defendant City of

20   Oakland OPD's irrational policy of religious intolerance against Black Muslim citizens rooted in a

21   policy of supervisor approved existential hatred that is systemically manifested in discriminatory

22   deliberate indifferent service provided repeatedly to plaintiffs John Bey and Saleem Bey as Black

23   Muslims.

1    Moreover, when deliberate indifference is manifested, the scale of negative impact directly

2  correlates to the diminished service. When said service is failure to provide timely service to a

3  customer waiting at the counter for 20 minutes is compared a failure in service connected to multiple

4
5  murder investigations and attempted murder investigations of yourself and family members then

6  opposite ends of scale are in play. This is compounded when said failure in service is concealed and

7  ignored by defendants Whent and Downing with wanton obstruction of justice through a policy of

8  deliberate indifference toward plaintiffs as Black Muslims,

9    Said defendant Whent as supervisor of IAD07-0538 administered the internal investigation

10 procedures of plaintiff Saleem Bey in a manner motivated by intentional discrimination against Black

11
12 Muslims which plaintiffs Saleem Bey and John Bey are known to be. Said defendants Whent and

13 Downing issued IAD File Number "07-0538", a document [fraudulent by gross omission] to plaintiff

14 Saleem Bey. Plaintiff Saleem Bey complained in writing dated 07/13/07 Citizens Police Review

15 board intake form complaining about defendant, employees Brock, Crutchfield and chain of

16
17 command in relation to their systemic policy of failure to investigate crimes of murder and attempted

18 murder committed against Waajid Bey, plaintiff John Muhammad Bey, and plaintiff Ali Saleem Bey.

19    The level of deliberate indifference under color of law is directly proportional to its negative

20 impact on a citizen. Defendant Whent as supervisor didn't cover a ticket up, he obstructed justice by

21 concealing evidence that defendant OPD CID Homicide supervisor Ersie Joyner gave deliberate

22 indifferent treatment to plaintiffs by failing to supervise employees Longmire, Brock and Crutchfield

23 who according to 03/18/14 13-1062

24
25    Defendant Chain of command approved and issued IAD13-1062, conceals defendant Whent's

26 responsibility in failing to give equal treatment [1983] known and concealed from plaintiffs through a

27 one page, vague worded letter 09/01/07.

28

09/01/07 defendant Sean Whent did purposely with a policy of depravity following a

defendant OPD policy of deliberate indifference toward plaintiffs, administered its internal

investigation procedures in a manner motivated by intentional discrimination against Black Muslims

and Your Black Muslim Bakery which plaintiffs Saleem Bey and John Bey are known to be.

IAD13-1062 conceals in conspiracy defendant Whent's violations of plaintiffs' 42 U.S.C.

1983  equal protection under color law, when defendant Whent failed per defendant depraved

indifference policy to provide equal treatment to plaintiffs. Defendant Whent concealed crimes

committed against plaintiffs Saleem Bey and John Bey by defendant current employees CID

homicide supervisor Joyner, former employee Brock, former employee Sgt. Crutchfield, current

employee Sgt. Longmire.

IAD13-1062 supervised by Whent appointee, defendant Oliver Cunningham, who benefits

directly from his relationship with co-defendant Whent. Defendant Cunningham has received from

multiple rank promotions [salary, status, pension increases] from his relationship with co-defendant

Whent. Cunningham has a vested professional interest in aiding his chief benefactor and also silently

infecting a chain of command corrupt for decades in need of a fresh start through receivership.

Defendant Cunningham's prior relationship with defendant Whent. and Whent's appointment

of Capt. Cunningham to the top of IAD [ tasked with doing fair investigations of police misconduct]

makes any investigation by  Whent appointee Cunningham of Whent, a clear conflict of interest.

Cunningham admitted to plaintiffs that he communicated with Whent regarding IAD13-1062

between 2013 and 2014. This communication with Whent by Cunningham as supervising investigator

resulted in the conspiracy to conceal evidence of Whent's violations of plaintiffs civil rights (2007

and IAD13-1062)

1    Defendant Whent concealed an OPD chain of command policy that resulted in endangering

2    plaintiffs' lives and affecting liberty, resulting in creating black on black murder, then with deprave

3    indifference followed a defendant policy of unequal treatment by  failing to "officially" investigate

4    the murder of Waajid Bey, the attempted murder of John Bey, and the attempted murder of Saleem

5    Bey 09/01/07. Conflict of interest tainted defendant Cunningham's investigation of IAD13-1062

6    demands the protection of all communications regarding plaintiffs Saleem Bey and John Bey between

7    07/03 and after.

8        The outcome of defendant IAD Capt. Cunningham's investigation of plaintiffs' complaint

9    IAD13-1062 conceals evidence through a policy of omission of guilt that has been used against

10   plaintiffs repeatedly rooted in a policy religious intolerance. Defendant Cunningham as a non Black

11   Muslim administered through his supervision, supervised said internal investigation procedures in a

12   manner motivated by an established defendant policy of intentional discrimination against Black

13   Muslims which plaintiffs Saleem Bey and John Bey are known to be.

14       EXHIBIT 1 issued by defendant supervisor Cunningham was approved by chain of command

15   in conspiracy to conceal defendant OPD's chain of command policy of discrimination against

16   plaintiffs as Black Muslims. The entire chain of command was notice by director Frazier on or about

17   04/03 to open said investigations of OPD CID and IAD employees involvement in repeated

18   deliberate indifference treatment [04, 05, 06 (CCW). 07] .

19       On 03/18/14 defendant Cunningham, following pattern[policy] of plaintiff unequal treatment

20   of plaintiffs John Bey and Saleem Bey [1983], said defendant concealed evidence beneficial to

21   plaintiffs as Black Muslims but detrimental to current employees Whent, Downing, Longmire,

22   Joyner. Said defendant in conspiracy with 2013 to present chain of command came to an agreement

via meetings, email, phone, and text to violated plaintiffs 1983 civil rights by failing to provide the same level of service [1983] as "Occupy" related IAD investigations through said concealment.

Defendant Cunningham's concealment of any "findings" related plaintiff filed IAD07-0538 in the wording of EXHIBIT 1, was purposeful, plotted and approved by chain of command in conspiracy with said defendant. The same defendnats that benefited from the conspiracy to conceal, including defendant current employees Whent, Downing, Joyner, Longmire, participated in said conspiracy. Maintaining complete control of the conspiracy is easier when everyone benefits from the conspiracy and said conspiracy was hatched and maintained under color of law by the leadership who only answer to the compliance director.

Chief level in normal Departments is the highest level in a police department..i.e. where the buck stops. OPD how ever is a proven guilty corrupt department and has been in quasi receivership [Rider case NSA 2003] for the last 13 years as a result of its history of chain of command failures to provide service to Black citizens. Successive defendant OPD chain of commands have acted on a policy of discrimination against plaintiffs civil rights all during this period in scofflaw to the Federal Consent Decree that Supervisor Robert Warshaw has been responsible for overseeing since 2007.

After being notified of incomplete IAD13-1062 concealing chain of command civil rights violations against plaintiffs Saleem Bey and John Bey compliance director Warshaw failed his contractual obligation to provide Federal oversight and punishment to OPD chain of command who have failed to comply with said federal consent decree for over 13 years, reforms designed to eliminate OPD policies that violate Black citizens civil rights. Plaintiffs received the same deliberate indifferent treatment from Warshaw [in federal violation of NSA] as OPD chain as command regarding unequal treatment of a fair impartial investigation of plaintiffs [a.b.c.] cases.

04/14 on Defendant Warshaw has had meetings in conspiracy with Whent, Downing, and Figueroa. Defendant Warshaw has admitted to plaintiffs on or about 04/14 that plaintiffs' discontent with IAD13-1062 was the reason for said meeting. With this implicit knowledge Warshaw has failed to take any actions as federal consent decree prescribed against defendants current employees Whent, Joyner, Longmire or Downing. Plaintiffs maintain that through defendant Warshaw's 9 plus year Oakland tax payer funded "honey pot" contract he has had profession under color of law access to plaintiffs IAD cases and Warshaw was provided plaintiffs IAD078-0538 and IAD13-1062 complaints.

Plaintiffs have received the same defendant "short shrift" treatment that the chain of command he is responsible metes out to plaintiffs. Defendant Warshaw following the same policy of deliberate indifference service as OPD chain of command. Warshaw failed to complete or report in violation of TASK 5 section 5 of the NSA, the Frazier initiated investigation of plaintiffs complaints about current employees clearly detailed in IAD13-1062.

Warshaw as supervisor of chief of police Whent, has a laudatory professional relationship with Whent, Warshaw has openly expressed [through his media statements] of his public support for Whent as chief of police of OPD.  Warshaw's public support of Whent is in the face of evidence of overwhelming corruption, that is openly available and acknowledged by Warshaw in IAD13-1062's weak concealment of said current employee Whent, Downing, Joyner, and Longmire.

Warshaw has met repeatedly with Whent and discussed the concealment represented in failed and incomplete IAD13-1062 including specifically addressing plaintiffs complaint IAD07-0538 failures connected to Whent and Downing. Warshaw armed with IAD13-1062 knowledge andevidence of plaintiffs historical diminished service, Warshaw has failed to exposed and correct

defendant OPD's policy of deliberate indifferent treatment of plaintiffs as Clack Muslims that
Frazier's investigation was supposed to expose.

Warshaw has addressed and reported to Honorable Judge Thelton Henderson OPD's mis-
handling of other non Black Muslim IAD case yet has failed to do the same for plaintiffs as Black
Muslims. Warshaw's background is as a former chief of police [Blue Gang Code] during Black
Muslim attacks under COINTELPRO 1960's and 1970's means his training identified Black Muslims
in a like manner as OPD has historically, thus providing a historical moving force for continuance of
said policy of violating Black Muslim's civil rights through deliberate indifferent service.

Warshaw as supervisor of OPD chain of command followed a defendant OPD policy of
deliberate indifference toward plaintiffs, by administering his investigation procedures in a manner
motivated by intentional discrimination against Black Muslims which plaintiffs Saleem Bey and John
Bey are known to be.

Said policy is the moving force behind defendant Warshaw's repeated delivery of diminished
services under color of law to plaintiffs based upon religious intolerance of Black Muslims.

Warshaw's deliberate indifferent failure to complete plaintiffs' complaint IAD13-1062 is the
crime of obstruction of justice through conspiracy [1985] with current employees Whent and
Downing. Warshaw's meetings with said defendants Whent and Downing were named in plaintiffs'
IAD13-1062 as having committed MOR violations against plaintiffs. Failure to administer
punishment or implement policy changes to alleviate plaintiffs the policy of deliberate indifference is
a violations of plaintiffs equal treatment [1983].

Defendant Warshaw in continuance of an established policy of deliberate indifference and
through multiple meetings did conspire against plaintiffs with his subordinate defendant Sean Whent

1    to conceal evidence [IAD13-1062] EXHIBIT 1 exposing defendant Whent's failure to investigate and

2    supervise David Downing's concealing evidence beneficial to Black Muslim plaintiffs 09/01/07.

3            Oliver Cunningham, Danielle Outlaw, David Downing, Paul Figueroa, and Sean Whent,

4    conspirators met and communicated repeatedly about the status of plaintiffs IAD13-1062 2013 –

5    2014. Plaintiffs IAD13-1062 was one of the most high profile IAD complaint investigations during

6

7    this time. Chain of command has admitted that IAD13-1062 was known and being closely watched.

8    Defendants Whent, Downing, Cunningham, Outlaw, Figueroa, Joyner, Longmire and Roland

9    Holmgren 2015 supervisor of OPD homicide knew of the complaint against Whent and current

10   employees. Said employees [chain of command] carefully chose the wording in conspiracy

11

12   agreement that omitted[conceals] class 1 MOR violations by current employees, then said

13   conspirators agreed to issue a letter with said wording on 03/18/14 to plaintiffs closing complaint

14   IAD13-1062.  Said defendants comprising OPD chain of command repeatedly concealed through this

15   conspiracy [1985] named current employees complained about in plaintiffs IAD13-1062, as it relates

16   to said employees Whent, Downing, Longmire, and Joyner's obstruction of justice and deliberate

17

18   indifferent service provided resolving crimes against plaintiffs and associates as Black Muslims,

19   specifically  a. Waajid Bey case b. John Bey case c. IAD failure to investigate concealment through

20   omission of Saleem Bey IAD07-0538 complaint [hereafter a.b.c]

21            Defendant Cunningham admitted in a meeting held during the investigation of plaintiffs

22   IAD13-1062 complaint thus repeating what defendant employee Nguyen stated to plaintiffs that

23

24   chain of command and compliance director Frazier were watching the progress of IAD13-1062.

25            Frazier's  decision to opening an investigations of the above mentioned [a.b.c.] provided

26   defendant OPD a second opportunity to this time provide a transparent investigation of current

27   employees chief of police Whent, deputy chief Downing, Lt. Ersie Joyner and Sgt. Derwin Longmire

28

connection to crimes systemically committed against plaintiffs and Black Muslims as a policy of defendant OPD..

Defendant, Oliver Cunningham, Danielle Outlaw, David Downing, Paul Figueroa, and Sean Whent met between 07/13 and 03/18/14 and agreed in conspiracy to purposely omit current employees chief of police Whent, deputy chief Downing, Lt. Ersie Joyner and Sgt. Derwin Longmire.

The conflict of interest meetings between Cunningham and Whent can be defined as all professional contact and communication involving meetings, emails, phone conference, and texts. Said contact between Cunningham and Whent while supervising the investigation of Whent any basic definition of a conflict of interest. Said contact also supports plaintiffs allegation that on 03/18/14 defendant Oliver Cunningham issued (EXHIBIT 1) a known fraudulent document as part of a defendant conspiracy to coneal evidence and deliver per defendant OPD policy against Black Muslims deliberate indifference toward plaintiffs, by administering its regular and internal investigation procedures in a manner motivated by intentional discrimination against Black Muslims which plaintiffs Saleem Bey and John Bey are known to be.

In declassified State DOJ documents defendant OPD CID employees also expressed frustration and disdain for plaintiffs as police reform activist labeled "rabble rousers", Black Muslim community leaders, and politically powerful independent business men.

Defendant employee Longmire has testified under oath that a policy of culturalized religious intolerance against Black Muslims exists among current OPD employees within defendant City of Oakland, this policy violates plaintiffs 42 U.S.C. §1983 civil rights by allowing defendant employees to openly express hatred of plaintiffs' religious class and deliver "different" as a policy deliberate indifferent service to plaintiffs based upon membership in said protected religious class.

This irrational policy of vitriolic, hate based bias against Black Muslims and Your Black Muslim Bakery presently exists in defendant City of Oakland Police Department and is the driving force in a predictable repeating policy of diminished service received by plaintiffs in IAD13-1062 through omission of policy mandated "findings" against current employees who discriminated against plaintiffs. These mandated "findings" were unequally provided to non Muslim/plaintiff similarly situated "Occupy" related complaints by defendant City of Oakland.

A defendant OPD chain of command policy (spanning multiple decades)  of bias and religious intolerance against plaintiffs, Waajid Bey, and all persons associated with Your Black Muslim Bakery as Black Muslims is the driving force allowing OPD supervisors as policy to discriminate against plaintiffs and associates as Black Muslims. Defendant OPD Criminal Intelligence Division here after (CID) chain of command used this police of discrimination rooted in hatred of Black Muslims as the driving force behind a campaign of excessive force, by using illegal gun walking as a tactic against plaintiffs, in an effort to eliminate plaintiff as leaders of the Black and Muslim community, Defendant CID chain of command was forced to use excessive force by proxy after having failed to eliminate plaintiffs [legally] through the 2002 – 2004 failed investigation. This attempt and failure was concealed in conspiracy with IAD employees Whent and Downing using failure to investigate plaintiff complaint IAD07-0538 supervised and controlled by Whent.

2004 – 2007 defendant employees CID officers Brock and Crutchfield were assigned to investigate crimes of murder and attempted murder committed against plaintiffs and following defendant policy of diminished service, said defendant employees did with deliberate indifference fail to investigate based in part upon plaintiffs and associates status in a religious class.

Defendant OPD's policy of diminished services to plaintiffs (complained about in 2004, 2005, 2006, and 2007) was finally proven factual through plaintiff perseverance in 2014. As stated in

EXHIBIT 1 defendant [with approval of chain of command Whent, Figueroa, Downing, and Outlaw] found themselves as an "Department" of defendant City of Oakland sustained of systemic deliberate indifference in the form of failure to investigate crimes committed against plaintiffs and plaintiffs associate Waajid Bey murdered CEO of Your Black Muslim Bakery (YBMB).

In 2009 in an internal OPD document defendant employee Joyner admits that " EVERYTHING was handled differently about the Bakery, EVERYTHING" . In 2011 that "DIFFERENT" treatment of plaintiffs as Black Muslims by defendant OPD chain of command was revealed by defendant employee Longmire, who testified that YBMB and all associated with "the Bakery" (as plaintiffs are) were specifically cited as a target of open "hatred of their existence" by CID employees, including but not exclusively Tim Nolan.

To this day plaintiffs Saleem Bey and John Bey are specifically known individuals that identify as Black Muslims to CID officers and chain of command as leadership of afore mentioned Bakery. As targets of a failed 11 year under color of law investigation [1993 – 2004], All personal, private, and financial details of plaintiffs' Saleem Bey and John Bey's lives were gathered under color of law by OPD employees Jordan, Tucker, Loman, Longmire, Rachal, and Joyner. Plaintiffs' individual identity was known to defendant OPD CID chain of command before, during and after every plaintiff interaction that resulted in deliberate indifferent treatment by defendant employees 93 - present.

When plaintiff Saleem Bey filed IAD complaint 07-0538 on 07/13/2007 and its subsequent closing on 09/01/07 unbeknownst to plaintiff his complaint was as a matter of policy handled "differently" by defendants Whent and Downing per said "internal" stated OPD policy of religious intolerance used against Waajid Bey and plaintiffs John Bey and Saleem Bey based in part upon

plaintiffs' and associate's known religious status as Black Muslims and leadership status in the Black and Muslim community.

The results of this investigation 09/01/07 revealed that defendant employees Brock, Crutchfield, and Joyner through a defendant policy of systemic deliberate indifference, purposely failed to investigate plaintiff Saleem Bey's 07/13/07 complaint against current OPD chain of command for deliberate indifference failure to investigate.

Defendants Whent and Downing continue to conceal material evidence tied to a policy of discrimination against plaintiffs John Bey and Saleem Bey behind purposely vague and vacuous language devoid of any policy mandated responses to plaintiff's complaint IAD07-0538. Said defendants actions are in conspiracy with then current defendant employees Tucker, Jordan, Loman, Joyner, Longmire, Brock, Crutchfield, Poulson, Whent, and Downing's to conceal in conspiracy to present [2016], said defendant employees' criminal obstruction of justice in multiple murder cases [Bailey, Robeson, Wills, Bey] and said non public policy of discrimination against plaintiffs as Black Muslims.

Defendant Whent and Downing's purposely vague quote 09/01/07 conceals via gross omission from plaintiffs a mountain of unknown as of 09/01/2007 evidence above and beyond plaintiffs' 2007 knowledge of systemic OPD failure to investigate: Defendants Whent and Downing concealed from plaintiffs the following: 1. defendant OPD failed 9 year investigation directed at plaintiffs Saleem Bey, John Bey, associate Waajid Bey and associates of YBMB (1993-2002). 2. IAD07-0538 also concealed evidence of a failed subsequent investigation that sought to label plaintiffs as Domestic Terrorists 2003 -2004, that exonerated plaintiffs Saleem Bey and John Bey as well as associate Waajid Bey and Your Black Muslim Bakery. 3. IAD07-0538 also concealed evidence of systemic policy of employee hatred against plaintiffs inside CID. 4. IAD07-0538 also

concealed a policy inside defendant OPD of supervisors tolerating said hatred toward plaintiffs,

Black Muslims, and Your Black Muslim Bakery. 5. IAD07-0538 also concealed evidence that

everything associated with plaintiffs and Your Black Muslim Bakery was handled "differently" as a

matter of policy. 6.  IAD07-0538 also concealed from plaintiffs valid and known "sustained" findings

against employees plaintiff complained about employees Brock and Crutchfield. In addition,

defendant also concealed evidence (2007) of sustained policy violations against CID Supervisor Ersie

Joyner and Derwin Longmire unknown to plaintiffs in 2007. This evidence was not available to

plaintiffs until defendant was forced to admit CID Brock and Crutchfield and their supervisor Ersie

Joyner were found sustained almost seven (7) years later. 7. IAD07-0538 concealed that defendant

purposely "buried" plaintiffs' complaint and concealed evidence (obstruction of justice) in the

Chauncey Bailey, Odell Robeson, and Michael Wills murder investigations. 8.  IAD07-0538 also

concealed evidence of a conspiracy by 2007 defendant chain of command to criminally obstruct

justice in the active murder investigations of Waajid Bey, Chauncey Bailey, Odell Robeson, Michael

Wills, and Waajid Bey to conceal illegal criminal "gun walking" tactics used against plaintiffs.

Defendants Whent and Downing's concealment of all the above evidence behind "XXXXX"

was purposely designed to inhibit plaintiffs' ability to bring a plausible claim against defendant City

of Oakland 2007 – 2014. Based upon defendant Whent and Downing deliberate concealment,

plaintiffs' reputation was erroneously tied to criminal acts committed by persons OPD falsely

"labeled" to the public as YBMB Black Muslim Leadership. Defendant OPD's 2007 public media

false narrative of Black Muslims and Your Black Muslim Bakery leadership being associated with

"terrorism", was known to be false by defendant OPD employees Whent and Downing who knew the

truth was OPD employees Joyner and Longmire following orders from OPD chain of command

criminally aided and abetted persons posing as legitimate Black Muslim community leadership, and

posing as legal owners of Waajid Bey's corporation [Your Black Muslim Bakery]. Said defendant employees actions designed to hurt plaintiffs made it possible for said person to commit the litany of crimes and remain in control of Waajid Bey's corporation and assets.

The omissions by Whent and Downing in conspiracy with said defendant chain of command employees was specifically designed to conceal known OPD misconduct against plaintiffs that would have revealed the illicit relationship with Yusuf Bey 4th et al. This concealment was done in conjunction with said employees publicly discrediting and defaming of plaintiffs [known to be legitimate Black Muslim leadership with no ties to Terrorism] to the media thereby rendering plaintiffs' "true" allegations of defendant OPD misconduct concealed by defendants Whent and Downing as unbelievable in face of OPD obstruction of evidence that exonerated plaintiffs [09/09/04] and made plaintiffs claims of systemic diminished services plausible.

IAD13-1062 conceals evidence of current defendant employees Sean Whent and David Downing's policy following misconduct related to plaintiff Saleem Bey's 2007 IAD07-0538. Defendant employee Whent provided a superior level of service for similar situated non Black Muslim as victim.

IAD07-0553 is similarly situated in that both IAD 07-0553 and plaintiff filed IAD07-0538 involved investigating CID employees handling of a high profile murder investigation being supervised by the same chain of command including defendant CID Ersie Joyner, employees Loman, Jordan , and Tucker. IAD07-0553 complaint investigation was supervised by the same person as plaintiffs Saleem Bey's complaint IAD07-0538 [defendant Whent]. IAD07-0553 investigation opened within weeks of plaintiffs' IAD07-0538 complaint, was open and investigated concurrently. IAD07-0538 and IAD07-0553 investigations were directly connected by the same persons, namely plaintiffs Saleem Bey and John Bey, Waajid Bey, Chauncey Bailey and Yusuf Bey 4th.

IAD07-0538 filed by plaintiff was handled differently than similar situated IAD07-0553 both were supervised by IAD supervisor Whent.

Evidence of a different level of service provided to plaintiffs' IAD07-0538 investigation of crimes against Black Muslims vs. IAD07-0553 crimes against non Black Muslims by defendant supervisor Sean Whent is established in the detailed reports and findings provided by Whent against OPD chain of command, common CID supervisor Ersie Joyner, [Crutchfield CID partner and Yusuf Bey 4th "handler"] CID Longmire, and CID Supervisor Jeffrey Loman.

In direct comparison plaintiffs' IAD supervisor after consulting with chain of command to deliver a policy of "different" treatment issued plaintiffs a deliberate indifferent one page letter, containing vague language on 09/01/07, that was devoid of any findings related to plaintiff Saleem Bey's complaint encompassing said same defendant employees CID chain of command Ersie Joyner, Derwin Longmire, and Jeffery Loman, as well as no "findings" against Brock or Crutchfield whose are named in writing on IAD07-0538 intake form.

Defendant OPD assistant chief Paul Figueroa has verbally admitted to plaintiffs (in a meeting held with plaintiffs on April 8th 2015 at OPD headquarters executive offices) that "at least" current defendant employee Ersie Joyner, as then 2007 CID supervisor of Longmire, Brock, and Crutchfield was "omitted" (from 03/18/2014 IAD13-1062 letter) and should have been included as "sustained".

This defendant admission makes the letter dated 03/18/2014 closing IAD13-1062 a known incorrect and deficient by omission document, that said was purposely deficient based upon platted and planned agreement in conspiracy by current employees Whent, Figueroa, Downing, Outlaw, Cunningham, Joyner, and Longmire.

As of the filing of the TAC almost two (2) years after OPD IAD Cunningham and Outlaw purposely gave plaintiffs a purposely incomplete by omission letter on 03/18/2014. Plaintiffs are still

waiting on defendant Figueroa to "honor" his words and provide plaintiffs with corrected

investigation finding. Plaintiffs have repeatedly told defendants Oliver Cunningham, Danielle

Outlaw, and Paul Figueroa that plaintiffs were dissatisfied with the incomplete and concealment

represented by the "short shrift" investigation of IAD13-1062 and maintain current treatment of

plaintiffs more than justifies plaintiffs' original demand (2007) for an independent investigation.

Defendant's nine (9) years of adamant refusal, active concealment, and steadfast resistance to

plaintiffs request for a "policy" and consent decree mandated conflict of interest free investigation of

plaintiffs' complaints, complaints that systemically result in diminished levels of service received by

plaintiffs. Plaintiffs' treatment is egregiously different when compared to that which Defendant city

of Oakland provided for predominately Caucasian non Black Muslim led "Occupy" supporting

members of the public. Defendant rushed to alleviate any chance of IAD conflict of interest that

negatively affected "Occupy" members. There is no comparison of the "short shrift" conflict of

interest concealment by omission treatment of plaintiffs complaint connected to multiple murders, to

the detailed and supervision, comprehensive documentation, reports, findings, and solutions provided

in compliance with defendant policy and NSA consent decree IAD investigation of complaints.

Occupy related complaints received a thorough and robust investigation by an independent

investigator contractor hired by defendant versus a "late" one page purposefully fraudulent by

omission letter provided plaintiffs on 03/18/14.

Defendant Administration led by Mayor Schaaf has irrationally (unless concealment is

motive)  denied plaintiffs continued requests for an independent investigation based upon the conflict

of interest of IAD investigating itself as stated in defendants reasoning for independently

investigating "Occupy" MOR violation (2013-1062 IAD conflict of interest investigation of IAD's

original purposeful mis-handling of plaintiffs IAD07-0538). The Mayor and Administration have

overwhelming evidence of historic OPD corruption tied to murder or civilians in the Black and Muslim community. Mayor Schaaf and Administration is purposely in conspiracy concealing current chain of command's (Whent and Downing) involvement in concealment of at minimum depraved indifference reckless endangerment of plaintiffs' physical safety by current and past defendant OPD employees. Mayor Schaaf has hard evidence that defendant OPD employees Joyner and Longmire actions in conspiracy with OPD chain of command resulted directly in murder of multiple civilians and the attempted murder of plaintiffs by persons being "aided" by defendant employees Joyner and Longmire.

Plaintiffs personally met with now current Mayor Schaaf and showed her at pointed out that the "lack" of current employees madeIAD13-1062 a purposely fraudulent document, Mayor Schaaf read IAD13-1062 in front of plaintiffs and commented on the "interpretation" of wording. Plaintiffs disagreed and complained of a insufficient service by OPD. Mayor Schaaf stated she was on the was to an appointment but agreed to meet at a later date and discuss IAD13-1062 with plaintiffs. Since Schaaf has been Mayor she has refused to give plaintiffs equal treatment of an independent investigation. Under similar circumstances and implicitly citing "conflicts of interest" involving IAD involvement, defendant City of Oakland judiciously via city council resolution, moved to provide an immediate independent investigation via voting to hire a contractor (Frazier) to ensure a "fair and transparent" conflict of interest free investigation of predominately Caucasian persons while continuing for nine (9) years to deny Black and Muslim plaintiffs equal treatment

Plaintiffs documented and verbally pointed out multiple conflicts of interests tainting IAD13-1062 to defendants Figueroa, Griffith, Cunningham, and Outlaw. Plaintiffs advised defendant Cunningham face to face multiple times and filed a Citizens Police Review Board 2014 of the fact constituting conflict of interest based upon defendant employee Oliver Cunningham was promoted to

Captain of IAD by Sean Whent who Cunningham is responsible for investigating. This is classic and egregious example of conflict of interest, effecting putting defendant Cunningham in the position of investigating the person responsible for his increase in professional and financial status inside defendant OPD. Plaintiffs contend this is a reason why defendant Oliver Cunningham purposely failed to investigate and omitted any findings or reference to defendant Sean Whent.

Defendant employees My Nguyen, William Griffith, Oliver Cunningham, Danielle Outlaw, and Paul Figueroa conspired (1985) to purposely concealed current employees findings through omissions in IAD13-1062. These gross omissions are of the most serious MOR policy violations i.e. Class 1 MOR violations committed by current and past employees constituting, suppression of evidence tied to murder and attempted murder, tampering with evidence tied to a murder investigation, compromising of criminal murder and attempted murder cases, failure to investigate, and failure to supervise, and other violations that would have been revealed in 2007 by a "true" independent investigation of defendant criminal chain of command. Defendant employees My Nguyen, William Griffith, Oliver Cunningham, Danielle Outlaw, and Paul Figueroa conspiracy is by definition aiding and abetting felonies.

Plaintiffs have shown they have been and continue to be discriminated against as policy by said defendant OPD employees. Plaintiffs have demonstrated a multi decade repeating pattern of deliberate indifferent treatment from defendant OPD when compared to similarly situated individuals and groups. Plaintiffs have shown that defendant has an irrational policy not based upon a legitimate state objective of treating plaintiffs as Black Muslims differently, and that this different treatment is a policy of diminished services based upon [an approved by supervisors] irrational policy of systemic religious intolerance of Black Musli

1

2                                         **CLAIMS**

3          **Count 1: section**42 U.S.C. § 1983 claim by Plaintiffs against the City of Oakland, Derwin

4     Longmire, Ersie Joyner, Oliver Cunningham, Danielle Outlaw, David Downing, James Figueroa,

5     Sean Whent, and Robert Warshaw

6
            On or about September 1, 2007,  David Downing with approval of his supervisor Sean Whent
7
      following a defendant OPD policy of deliberate indifference toward plaintiffs, administered its
8
9     internal investigation procedures in a manner motivated by intentional discrimination against Black

10    Muslims which plaintiffs Saleem Bey and John Bey are known to be. Said defendants Whent and

11    Downing issued IAD File Number "07-0538", a document [fraudulent by gross omission] to Plaintiff

12
      Saleem Bey. Plaintiff [Saleem Bey] complained specifically about defendant, employees Brock,
13
14    Crutchfield and chain of command in relation to their systemic policy of failure to investigate crimes

15    committed against Waajid Bey, plaintiff John Muhammad Bey and plaintiff Ali Saleem Bey.

16    Defendant.

17
            Defendant employees, David Downing with approval of his supervisor Sean Whent, and his
18
19    supervisor Poulson failed to comply with defendant, OPD's Manual Of Rules (MOR) written policy

20    by not investigating named employees, Brock and Crutchfield and providing plaintiff Saleem Bey

21    with sustained "finding" of failure to investigate (as verified through IAD13-1062  03/18/14) against

22    said employees and their supervisor Ersie Joyner.

23
            Defendant supervisor Whent provided a superior level of service to similarly situated and
24
25    directly related IAD07-0553 made by non Black Muslim defendant employee Sgt. Grant when

26    compared to plaintiff IAD07-0538 thereby discriminating as policy against plaintiffs Saleem Bey and

27    John Bey.

28

Plaintiff filed IAD07-0538 received ¾ of a written page, that was purposely vaguely worded, as to conceal 42 U.S.C. §1983[85] civil rights violations systemically committed against plaintiffs Saleem Bey and John Bey by then current defendant employees Brock, Crutchfield, Joyner, Longmire, Loman, Jordan, and Tucker aka defendant OPD chain of command.

In comparison, defendant employee IAD supervisor Whent provided IAD07-0553 [investigation of same OPD handling of non Black Muslim murder victim Chauncey Bailey] with detailed "findings" against Black defendant CID employees Ersie Joyner (EXHIBIT 8)., Jeffrey Loman (EXHIBIT 9)., and Derwin Longmire (EXHIBIT 10).

Said same above named employees, along with Caucasian employees Brock and Crutchfield would have been found sustained in plaintiff's IAD07-0538 complaint, if equal treatment was applied to plaintiffs Saleem Bey and John Bey by defendant OPD employee. Defendants Whent and Downing issued documentation 09/01/07 to plaintiff Saleem Bey that purposely concealed evidence of civil rights violations against plaintiffs by omission (i.e. required information totally absent in plaintiff received via mail closing letter). Defendants discriminated against plaintiffs by violating IAD policy which requires specific information and findings regarding Manual Of Rules violations and 42 U.S.C. §1983 and §1985 civil rights violations (known to be true at the time) committed against plaintiffs Saleem Bey and John Bey, and Waajid Bey. The moving force behind these violations of plaintiffs' 42 U.S.C. §1983 and §1985 civil rights was based upon following a defendant OPD policy of deliberate indifference, rooted in systemic hatred and religious intolerance of Black Muslim which plaintiffs are known to be.

Count 2: section 42 U.S.C. § 1983 claim by Plaintiffs against the City of Oakland, Derwin Longmire, Ersie Joyner, Oliver Cunningham, Danielle Outlaw, David Downing, Paul Figueroa, Sean Whent, and Robert Warshaw

Named defendants failed to resolve plaintiffs' IAD complaint 13-1062 as mandated in OPD policy and procedure. Named defendants violated plaintiffs' 42 U.S.C. §1983 and §1985 constitutionally guaranteed right to equal treatment and protection from discrimination under color of law by providing unequal treatment as compared to the similarly situated.

Named defendants followed defendant OPD unwritten policy of deliberate indifference toward plaintiffs John Bey and Saleem Bey by administering its internal investigation procedures in a manner motivated by intentional discrimination against Black Muslims which plaintiffs Saleem Bey and John Bey are known to be

The moving force behind defendant's serial examples of deliberate indifference discrimination against plaintiffs' religious class is, defendant OPD currently has a systemic culturalized policy of professed hatred of Black Muslims and Your Black Muslim Bakery, both of which plaintiffs are known by defendant to be leaders of. For over twenty years plaintiffs have been direct repeating targets and recipients of said defendant's irrational hatred.

Defendant City of Oakland provided similarly situated non Black Muslim "Occupy" complainants superior service to plaintiffs by completing "Occupy" related investigations according to policy. In comparison, said defendant with deliberate indifference failed to complete Black Muslim plaintiffs IAD13-1062 according to policy or at all to date.

Defendant provided superior treatment to similar situated "Occupy" related IAD complaint investigations (of non Black Muslim and non plaintiff Saleem Bey and John Bey) complainants by providing a complete report with policy required "findings" resolving misconduct complaints against current OPD employees.

Defendants Derwin Longmire, Ersie Joyner, Oliver Cunningham, Danielle Outlaw, David Downing, James Figueroa, Sean Whent, and Robert Warshaw discriminated under color of law

against plaintiffs' equal treatment civil rights by concealing through omission "findings" against current employees Whent, Downing, Joyner Longmire's Class 1 MOR misconduct committed with depraved indifference, in violation of plaintiffs John Bey and Saleem Bey's 42 U.S.C. 1983 civil rights. Whereas similarly situated Non Black Muslim "Occupy" related report was many pages and detailed and followed defendant policy, defendant provided Black Muslim plaintiffs a deliberate indifferent one page incomplete and in conspiracy, factually incorrect, letter and "short shrift" investigation.

OPD policy requires OPD IAD to resolve all complaints "using the preponderance of evidence standard. Each allegation shall be resolved by making one of the following findings "unfounded, sustained, exonerated, not sustained or filed". This policy standard was applied to non Black Muslim "Occupy" investigations but not to Black Muslim plaintiffs IAD13-1062 complaint

Defendant City of Oakland followed TASK 5 section 5 for non Black Muslim "Occupy" investigations while plaintiffs John Bey and Saleem Bey received deliberate indifference diminished service by defendant OPD when defendant employees Cunningham, Griffith, Supriano, Outlaw, and Figueroa failed to produce and reveal any TASK 5 Section 5 "findings" as policy mandated, on complaints made by Plaintiffs against current Defendant employees Whent, Downing, Joyner, and Longmire.

Current employees named in OPD IAD 13-1062 complaint, including the current OPD Chief of Police Sean Whent, current OPD Deputy Chief of Police David Downing (EXHIBIT A), current OPD Officers Ersie Joyner and Derwin Longmire, in addition defendants; City of Oakland, Derwin Longmire, Ersie Joyner, Oliver Cunningham, Danielle Outlaw, David Downing, James Figueroa, Sean Whent, and Robert Warshaw

have "Stone walled" plaintiffs for resolution of complaint IAD13-1062 through purposeful

concealment and by omission have provided no "findings" or investigation documentation to

plaintiffs as Black Muslims as required by policy. Defendant City of Oakland provided "findings"

and documentation in compliance with written policy and in a timely manner to non Black Muslim

initiated "Occupy" IAD investigations. Plaintiffs have been stoned walled since 03/18/14 to present

filing of Third Amended Complaint.

Plaintiffs have suffered Mentally, Physically, and Financially as a result defendant's policy of

discrimination against plaintiffs as Black Muslims

**Count 3: section** 42 U.S.C. § 1985 claim by Plaintiffs against the City of Oakland, Derwin

Longmire, Ersie Joyner, Oliver Cunningham, Danielle Outlaw, David Downing, James Figueroa,

Sean Whent, and Robert Warshaw

Named defendants failed in conspiracy to resolve plaintiffs' IAD complaint 13-1062 as

mandated in OPD policy and procedure. Named defendants violated plaintiffs' 42 U.S.C. §1983 and

§1985 constitutionally guaranteed right to equal treatment and protection from discrimination under

color of law by providing unequal treatment as compared to the similarly situated.

Named defendants followed defendant OPD unwritten policy of deliberate indifference

toward plaintiffs John Bey and Saleem Bey by administering its standard and internal investigation

procedures in a manner motivated by intentional discrimination against Black Muslims which

plaintiffs Saleem Bey and John Bey are known to be

The moving force behind defendant's systemic deliberate indifference discrimination against

plaintiffs' religious class is, defendant OPD's systemic culturalized policy of different treatment

based upon openly professed hatred of Black Muslims and Your Black Muslim Bakery, both of

which plaintiffs are known by defendant to be leaders of. For over twenty years plaintiffs have been direct repeating targets and recipients of said defendant's irrational hatred.

Defendants Derwin Longmire, Ersie Joyner, Oliver Cunningham, Danielle Outlaw, David Downing, James Figueroa, and Sean Whent, and each of them agreed in conspiracy to a. deliberately give "different" aka deliberate indifferent treatment to plaintiffs' IAD13-1062 complaint. Named defendants also agreed in conspiracy to conceal material evidence related to crimes and civil rights violations committed and concealed since 09/01/2007 against plaintiffs John Bey and Saleem Bey by current defendant employees and co-conspirators, Whent, Downing, Joyner, and Longmire named by plaintiffs in complaint IAD13-1062 from plaintiffs and the public.

Said defendant employees executed said conspiracy through an agreed upon purposefully, plotted, planned and executed strategy developed through and nurtured by multiple internal defendant meetings and communications by said conspirators between 07/13 and 03/14 to conceal [through omission] said evidence related to defendant's "nonpublic" policy of systemic deliberate indifferent unequal treatment of plaintiffs as Black Muslims by said current employees. Said defendant employees conspiracy to deliver deliberate indifferent treatment to plaintiffs was developed and agreed upon in said conspiracy against plaintiffs and was executed in agreemnet through said defendant employees communications, including but not limited to meeting, email, phone conference, and written notes.

After being accused of said conspiracy by plaintiffs John Bey and Saleem Bey, said defendant employees continue to conceal said conspiracy using the same communication between 2013 and present [2016]. In furtherance of said conspiracy along with current employees defendants Derwin Longmire, Ersie Joyner, Sean Whent, and David Downing named in Plaintiffs' IAD complaint 13-1062, also current employees Cunningham, Outlaw, Griffith, and Figueroa continue to conceal said

employees policy of systemic discrimination misconduct (failure to investigate, obstruction of justice, tampering and concealing evidence, deliberate indifferent diminished services) against plaintiffs Saleem and John Bey from plaintiffs and the public.

This plotted and planned conspiracy to conceal from plaintiffs and the public, current employees Whent, Downing, Joyner, and Longmire class 1 MOR violations committed against plaintiffs was arrived at after at minimum seven (7) months (July 2013 – March 2014) of internal meetings and communications at Defendant City of Oakland executive leadership level and defendant OPD command level ( Captain IAD Oliver Cunningham, Deputy Chief Danielle Outlaw, Deputy Chief David Downing, Assistant Chief James Figueroa, and Chief of police Sean Whent. This 42 U.S.C. § 1985 conspiracy was agreed upon by said defendant employees to deprive Plaintiffs of 42 U.S.C. § 1983 equal treatment civil rights.

Collectively Defendant employees violated plaintiffs civil rights by committing OPD Manual of Rules (MOR) violations of obstruction of justice, suppression of evidence, failure to investigate, reckless endangerment, defamation, and compromising criminal cases to the detriment of Plaintiffs as it relates to deliberate indifference failure to investigate current Defendant employees named in Plaintiff complaint IAD 13-1062. Defendant City of Oakland Mayor Libby Schaaf was personally noticed by plaintiffs of said IAD13-1062 conspiracy along with defendant employees City Attorney office, City Administrator office, and City Council members and all have refused to act against said conspiracy involving concealing the murder of civilians during a policy action using "gun walked" illegal weapons thereby compounding plaintiffs injuries by participating in furtherance of said conspiracy.

Said leadership level conspiracy by defendants demonstrates and is in furtherance of a pattern and practice policy of racial and religious discrimination against plaintiffs as Black Muslims, and

plaintiffs as individuals targeted through irrational hatred, bias, and profiling as a class of two and as

Black Muslims. Plaintiffs have suffered Mentally, Physically, and Financially as a result thereof .

**Count 4: section** 42 U.S.C. § 1983 claim by Plaintiffs against the City of Oakland, Derwin

Longmire, Ersie Joyner, Oliver Cunningham, Danielle Outlaw, David Downing, James Figueroa,

Sean Whent, and Robert Warshaw

Document dated March 18th 2014 [IAD 13-1062] (Exhibit A) Filed by Plaintiffs states that

OPD in its entirety was sustained for systemic failures to investigate plaintiff John Muhammad Bey

(2005) and Waajid Bey(2004) but fails to name said employees and provide "finding" on said

employees thereby denying plaintiffs equal treatment to similarly situated IAD complaints.

IAD 13-1062 deliberate indifference is the latest in a long line of defendant failure to

investigate plaintiff complaints and crimes committed against plaintiffs Saleem Bey and John Bey,

which purposely conceals by omission and prevents under color of law, any investigation or findings

related to OPD IAD07-0538 former employees misconduct or current employees Sean Whent and

David Downing's deliberate indifference failure to investigate plaintiff Ali Saleem Bey's complaint

[IAD 07-0538].

Named defendants failed in agreed upon conspiracy to resolve plaintiffs' IAD complaint 13-

1062 as mandated in OPD policy and procedure. Named defendants violated plaintiffs' 42 U.S.C.

§1983 and §1985 constitutionally guaranteed right to equal treatment and protection from

discrimination under color of law by providing unequal treatment as compared to the similarly

situated.

Named defendants followed defendant OPD unwritten policy of deliberate indifference

toward plaintiffs John Bey and Saleem Bey by administering its standard and internal investigation

procedures in a manner motivated by intentional discrimination against Black Muslims which

plaintiffs Saleem Bey and John Bey are known to be

The moving force behind defendant's systemic deliberate indifference discrimination against

plaintiffs' religious class is, defendant OPD's systemic culturalized policy of different treatment

based upon openly professed hatred of Black Muslims and Your Black Muslim Bakery, both of

which plaintiffs are known by defendant to be leaders of. For over twenty years plaintiffs have been

direct repeating targets and recipients of said defendant's irrational hatred.

By comparison defendant City of Oakland provided similarly situated non Black Muslim

initiated "Occupy" related investigations with policy mandated names and "findings"  associated with

allegations made against current OPD employees. Defendant OPD IAD Oliver Cunningham failed to

deliver equal treatment to plaintiffs by failing to provide said equal treatment to plaintiffs a violation

of plaintiffs' 42 U.S.C. §1983 civil rights. Plaintiffs did not and have not to date received "findings"

against past employees Brock and Crutchfield nor current employees, Whent, Downing, Joyner, or

Longmire that plaintiffs named in their complaint on or about 07/27/13.

The Defendants repeating actions show a long multi-year pattern and practice policy of

discrimination against plaintiffs John and Saleem Bey in continuance of its unwritten policy of

systemic deliberate indifference by administering its internal investigation procedures in a manner

motivated by intentional discrimination against Black Muslims. Said policy of discrimination exists

currently in defendant employees who failed to investigate IAD 13-1062 (3/18/2014). Plaintiffs have

suffered Mentally, Physically, and Financially as a proximate result.

**Count 5: section**42 U.S.C. § 1983 claim by Plaintiffs against the City of Oakland, Derwin

Longmire, Ersie Joyner, Oliver Cunningham, Danielle Outlaw, David Downing, James Figueroa,

Sean Whent, and Robert Warshaw

1    IAD 13-1062 (EXHIBIT A) complaint was filed by Plaintiffs in writing and verbally detailed

2    in multiple interviews with the defendants Oliver Cunningham and Danielle Outlaw. Plaintiffs

3    Saleem and John Bey implicitly complained of a failure to investigate and specifically named OPD

4    IAD David Downing (EXHIBIT IAD07-0538) and OPD IAD Sean Whent as it relates to Plaintiff Ali

5    Saleem Bey filed IAD 07-0538 and failure to investigate plaintiff John Muhammad Bey's attempted

6

7    murder (2005) and Waajid Bey's murder (2004).

8        Defendant's written and approved IAD 13-1062 EXHIBIT A states "The individual Subject

9    Officers and their immediate supervisor are no longer employed by O.P.D."

10        The wording in defendant IAD 13-1062 issued to Plaintiffs on 03/18/14 in response to said

11   complaint was known by defendant employees Oliver Cunningham and Danielle Outlaw before

12
     03/18/14 to be factually and intentionally incorrect and designed to conceal misconduct evidence
13

14   related to current OPD employee Sean Whent and David Downing obstruction of justice in multiple

15   murder and attempted murder investigations related to plaintiffs.

16        Named defendants failed in agreed upon conspiracy to resolve plaintiffs' IAD complaint 13-

17
     1062 as mandated in OPD policy and procedure. Named defendants violated plaintiffs' 42 U.S.C.
18

19   §1983 and §1985 constitutionally guaranteed right to equal treatment and protection from

20   discrimination under color of law by providing unequal treatment as compared to the similarly

21   situated.

22        Named defendants followed defendant OPD unwritten policy of deliberate indifference

23
     toward plaintiffs John Bey and Saleem Bey by administering its standard and internal investigation
24

25   procedures in a manner motivated by intentional discrimination against Black Muslims which

26   plaintiffs Saleem Bey and John Bey are known to be

27

28

1    The moving force behind defendant's systemic deliberate indifference discrimination against

2    plaintiffs' religious class is, defendant OPD's systemic culturalized policy of different treatment

3    based upon openly professed hatred of Black Muslims and Your Black Muslim Bakery, both of

4    which plaintiffs are known by defendant to be leaders of. For over twenty years plaintiffs have been

5

6    direct repeating targets and recipients of said defendant's irrational hatred.

7        Defendant City of Oakland provided similarly situated non Black Muslim "Occupy"

8    complainants with factually correct documentation while providing plaintiffs as Black Muslims

9    factually incorrect documentation.

10       Said defendants false statement was admitted as such by defendant assistant chief Figueroa on

11   04/06/2015 to plaintiffs John and Saleem Bey when, said defendant Figueroa representing

12

13   supervision over IAD13-1062 and said defendants Cunningham and Outlaw stated that defendant

14   supervisor Ersie Joyner should have been included and found "sustained on 03/18/14 IAD13-1062.

15       Figueroa went on to promise plaintiffs, he would correct the deficiencies admitted in IAD13-

16   1062 on 06/06/15 but to date as of the filing of the TAC said defendant has stne walled plaintiffs with

17   empty words following defendant policy of deliberate indifferent treatment of plaintiffs.

18

19       Defendants Cunningham and Outlaw had knowledge of Class 1 MOR violations committed

20   against plaintiffs Saleem Bey and John Bey by supervisor Ersie Joyner and in MOR violation then

21   failed to report said violations. Defendants Outlaw and Cunningham are duty bound to report said

22   Class 1 violations against said plaintiffs and failed to act on said knowledge in violation of plaintiffs

23   equal treatment protection [1983]. Defendants failed to report Class 1 MOR violations against

24   plaintiffs in continuance of defendant's policy of a pattern and practice of systemic deliberate

25

26   indifference . Defendant employees Cunningham, Outlaw, and Figueroa administering  this unequal

27   treatment a manner motivated by intentional discrimination against plaintiffs as Black Muslims and

28

against plaintiffs as individuals based upon a defendant policy of irrational hatred of plaintiffs as individuals.

Said document [IAD13-1062] included purposeful omission of current employees to conceal MOR violations and criminal acts committed by said employees Sean Whent, David Downing, Ersie Joyner, and Derwin Longmire against plaintiffs and Waajid Bey when presented to plaintiffs John Bey and Saleem Bey on 03/18/14.

Defendants Cunningham and Outlaw knew through plaintiffs complaint that on or about September 1, 2007 OPD Downing's supervisor Sean Whent did not perform as required by OPD MOR policy to report known class 1 MOR violations by then current employees Brock, Crutchfield, Joyner, Longmire, Tucker, Rachal, and Loman committed against plaintiffs' Saleem Bey and John Bey. Defendants Cunningham and Outlaw failed to report these and current MOR class 1 violations against plaintiffs related to deliberate indifference failure to investigate plaintiffs complaints.

Plaintiffs Saleem Bey and John Muhammad Bey have suffered Mentally, Physically, and Financially as a proximate result of OPD,  chain of command leadership, defendants Paul Figueroa, David Downing, Sean Whent, Oliver Cunningham and Danielle Outlaw's failure to provide equal treatment to plaintiffs through a defendant policy of deliberate indifference service to Black Muslims.

**Count 6: section**42 U.S.C. § 1985 claim by Plaintiffs against the City of Oakland, Derwin Longmire, Ersie Joyner, Oliver Cunningham, Danielle Outlaw, David Downing, James Figueroa, Sean Whent, and Robert Warshaw

OPD IAD 13-1062 in the Defendants own written, approved, and signed words, state that a known [since at least 2007] systemic pattern and practice of unequal discrimination against plaintiffs as Black Muslim, through a defendant policy of deliberate indifference failure to investigate crimes involving murder and attempted murder has and does exist in defendant OPD CID and IAD.

Said defendant OPD policy of deliberate indifferent treatment of plaintiffs and Black Muslims is continued conspiracy by named defendants; City of Oakland, Derwin Longmire, Ersie Joyner, Oliver Cunningham, Danielle Outlaw, David Downing, James Figueroa, Sean Whent, and Robert Warshaw in violation of equal protection from discrimination under color of law 42 U.S.C. §1985 civil rights of plaintiffs John Bey and Saleem Bey as a class of [two] based upon in part on a promotion reward system for silence and complicity, self preservation of the guilty, and defendant's policy of irrational hatred and policy of different treatment toward plaintiffs John Bey and Saleem Bey also as Black Muslims.

Named defendants failed in conspiracy to resolve plaintiffs' IAD complaint 13-1062 as mandated in OPD policy and procedure. Named defendants violated plaintiffs' 42 U.S.C. §1983 and §1985 constitutionally guaranteed right to equal treatment and protection from discrimination under color of law by providing unequal treatment as compared to the similarly situated.

Named defendants followed defendant OPD unwritten policy of deliberate indifference toward plaintiffs John Bey and Saleem Bey by concealing through conspiracy defendant's policy of concealing information rightfully due and beneficial to plaintiffs by administering its standard and internal investigation procedures in a manner motivated by intentional discrimination against Black Muslims which plaintiffs Saleem Bey and John Bey are known to be

The moving force behind defendant's systemic deliberate indifference discrimination against plaintiffs' religious class is, defendant OPD's systemic culturalized policy of different treatment based upon openly professed hatred of Black Muslims and Your Black Muslim Bakery, both of which plaintiffs are known by defendant to be leaders of. For over twenty years plaintiffs have been direct repeating targets and recipients of said defendant's irrational hatred.

Defendant admits systemically violating Plaintiffs' civil rights over a multi-year period using multiple officers (defendant employees Brock, Crutchfield, Rachal, Longmire, and their Supervisors Ersie Joyner, Jeffrey Loman, Howard Jordan, and Wayne Tucker who met regularly and implemented agreed upon strategies in conspiracy to intentionally violate Plaintiffs civil rights based upon a pattern and practice of deliberate and depraved indifferent treatment rooted in Racial and Religious bigotry profiling and a demonstrated history of antagonism by defendant OPD CID chain of command toward plaintiffs John Bey and Saleem Bey.

Defendant City of Oakland and it's employees, Derwin Longmire, Ersie Joyner, Oliver Cunningham, Danielle Outlaw, David Downing, James Figueroa, Sean Whent, and Robert Warshaw add to [IAD13-1062]and continue said ongoing conspiracy by agreeing after meetings between 2013 and 2014 at which said defendant employees agreed in conspiracy to conceal evidence through omission [IAD13-1062] of a civil rights violating secret "off the books", non public known OPD chain of command managed POST 9/11 operation that specifically targeted plaintiffs using illegally "gun walked " weapons in deprave indifference to plaintiffs and their families lives and safety.

This concealed "off the books" secret operation resulted in defaming plaintiffs reputations to this day, destroying plaintiffs businesses, the murder of Waajid Bey, the attempted murders of plaintiffs John Bey and Saleem Bey, and the civilian murders of Chauncey Bailey, Odell Robeson, and Michael Wills.

All said above employees. have knowledge that the evidence and facts supplied in plaintiffs' complaint IAD13-1062 is accurate and then agreed to conceal said evidence from plaintiffs and the public through an agreement to omit policy mandated "findings" associated with plaintiff complaint IAD13-1062. This conspiracy was motivated by defendant OPD's policy of intentional discrimination against plaintiffs as Black Muslims and as individuals whom defendant OPD has an

irrational hatred [i.e. not based upon a valid state objective] towards plaintiffs John and Saleem Bey as a class of [two].

This irrational treatment of plaintiffs is known and unchecked by defendant City of Oakland leadership and continues in conspiracy to present with the Mayor's office, the City Council members, the City Administrator's office, and the City Attorney's office to conceal from plaintiffs and the public said policy of known and approved culturally ingrained bias by defendant OPD chain of command against the Oakland Black Muslims community and specifically against plaintiffs as Black Muslims, community leaders, and activists with economic and political power.

Plaintiffs have suffered Mentally, Physically, and Financially as a proximate result of said short shrift deliberate indifference by said defendants.

**Count 7: section** 42 U.S.C. § 1983 claim by Plaintiffs against the City of Oakland, Derwin Longmire, Ersie Joyner, Oliver Cunningham, Danielle Outlaw, David Downing, James Figueroa, Sean Whent, and Robert Warshaw.

Factually IAD complaint 13-1062 filed by plaintiffs names members of current defendant OPD chain of command (including current OPD chief Sean Whent and deputy Chief David Downing).

The failure by current assistant chief Paul Figueroa to recues himself from the investigation of IAD complaint 13-1062 in which Whent is named and Figueroa (promoted by Whent) is assigned, is a defined violation of defendant policy regarding conflict of interest tainted investigations.

In addition, the control and supervision of said investigation of plaintiffs most recent complaint IAD 13-1062 was assigned to OPD IAD Oliver Cunningham to investigate his Superior (OPD Whent) that promoted Cunningham to his position. Defendant OPD Cunningham, Figueroa, and OPD Whent's Failure to recues themselves resulted in no findings in plaintiff complaint 13-1062

by OPD Cunningham against his professional benefactor and superior, current Chief of Police Sean Whent.

Additionally, IAD investigating IAD's investigation of IAD07-0538 is a conflict of interest, in that IAD cannot investigate its own misconduct as agreed upon by defendant City of Oakland as a reason to authorize and independent investigation of IAD involvement in similarly situated non Black Muslim "Occupy" related misconduct. Given the same conflict of interest criteria, defendant City ofOakland gave unequal treatment to Black Muslim plaintiffs Saleem Bey and John Bey by continuing as a policy of deliberate indifferent treatment [since 07/13/07] in denying plaintiffs request for an independent investigation of non statute crimes committed against plaintiffs.

Named defendants followed defendant OPD unwritten policy of deliberate indifference toward plaintiffs John Bey and Saleem Bey by failing to provide an independent investigation of conflict of interest tainted IAD13-1062. This is furtherance of defendant's policy of providing diminished services as compared to the similarly situated by concealing information rightfully due and beneficial to plaintiffs through administering its standard and internal investigation procedures in a manner motivated by intentional discrimination against Black Muslims which plaintiffs Saleem Bey and John Bey are known to be.

The moving force behind defendant's systemic deliberate indifference discrimination against plaintiffs' religious class is, defendant OPD's systemic culturalized policy of different treatment based upon openly professed hatred of Black Muslims and Your Black Muslim Bakery, both of which plaintiffs are known by defendant to be leaders of. For over twenty years plaintiffs have been direct repeating targets and recipients of said defendant's irrational hatred.

Said defendants Figueroa and Cunningham's relationship with complaint investigation subject Whent meets defendant's policy against conflict of interest investigations by defendant's P.D.

IAD. Defendant employees chief Whent, assistant chief Figueroa, and captain of IAD Cunningham harmed the Plaintiffs in violating their right to the equal treatment and protection [1983] of a conflict of interest free investigation as provide non Black Muslim IAD complaints.

Plaintiffs treatment is diminished in comparison to a similarly situated circumstance involving a non Black Muslim identified IAD conflict of interest investigation involving IAD participation in "Occuppy' misconduct investigations. Said defendant City of Oakland specifically cites "IAD conflict of interest" as reasoning for defendant City of Oakland to approve and provide an independent investigation conducted by Thomas Frazier for "Occupy" related IAD conflict of interest tainted investigations.

Given the same and similar circumstances of IAD conflict of interest related to plaintiff filed complaint IAD13-1062 being supervised by said same Thomas Frazier, defendant failed to provide Plaintiffs with equal treatment [1983]. Plaintiffs complained to defendant City of Oakland leadership (Warshaw, City council members, Mayor, City Administrator, CPRB, and City Attorney's office) that IAD personnel Cunningham et al investigating former IAD personnel's (Sean Whent and David Downing) connection to class 1 MOR violations committed against plaintiffs John Bey and Saleem Bey constituted the same IAD conflict of interest that resulted in non Black Muslim "Occupy" receiving a defendant funded independent investigation but not Black Muslim complaint IAD13-1062.

Defendant has irrationally and steadfastly refused to provide plaintiffs with equal treatment of a policy required independent investigation as defendant City of Oakland provided non plaintiff Black Muslim "Occupy" related investigations.

These obvious conflict of interests serve as evidence that the defendant has no "air of credibility" in the resultant "short shrift" investigation of IAD 13-1062 headed and directed by

1    appointed and managed subordinates (Cunningham and Figueroa) that currently and directly benefits

2    from thier association with chief Sean Whent. Failure by Defendant employee Captain Oliver

3    Cunningham (who was promoted to Captain of Internal affairs by current chief Sean Whent thus

4    making him an appointee of his) failed to investigate current OPD Deputy Chief David Downing,

5    current OPD Chief of Police Sean Whent, current OPD Captain Ersie Joyner, and current OPD

6    officer Derwin Longmire in violation of defendant MOR policy and plaintiffs' civil rights. Plaintiffs

7    have suffered Mentally, Physically, and Financially as a proximate result of said short shrift

8    deliberate indifference treatment by said defendants.

9         **Count 8: section** 42 U.S.C. § 1983 claim by Plaintiffs against the City of Oakland, Derwin

10   Longmire, Ersie Joyner, Oliver Cunningham, Danielle Outlaw, David Downing, James Figueroa,

11   Sean Whent, and Robert Warshaw

12        The sustained allegations against current and former employees of defendant City of Oakland

13   of systemic failure to investigate by plaintiffs in IAD 13-1062 (Exhibit 1) meets the OPD MOR

14   policy requirements to be classified as "Class I" offenses. Class 1 violations are the most serious and

15   require (according to OPD Standard Operating Procedure) that OPD IAD investigators report all

16   known class 1 MOR violations and tape record interviews and statements of accused officers (as

17   identified in a complaint) and shall be transcribed those into writing if requested by complainants.

18   Defendant OPD IAD Oliver Cunningham failed policy and violated plaintiffs' Saleem Bey and John

19   Bey's 42 U.S.C. 1983 civil rights of equal treatment by not providing plaintiffs with transcripts of

20   interviews had been conducted of named current employees in complaint 13-1062. OPD Cunningham

21   also broke policy by failing to investigate Plaintiffs' complaint against OPD officers named in

22   Plaintiff complaint IAD 13-1062.

1    Named defendants followed defendant OPD unwritten policy of deliberate indifference

2  toward plaintiffs John Bey and Saleem Bey by administering its internal investigation procedures in a

3  manner motivated by intentional discrimination against Black Muslims which plaintiffs Saleem Bey

4  and John Bey are known to be

5    The moving force behind said defendant's deliberate indifference discrimination against

6  plaintiffs' protected class is, defendant OPD currently has a systemic culturalized policy of professed

7  hatred and approved "different" service of Black Muslims and Your Black Muslim Bakery, both of

8  which plaintiffs are known by defendant to be leaders of. For over twenty years plaintiffs have been

9  direct repeating targets and recipients of said defendant's irrational hatred.

10    Defendant City of Oakland provided similarly situated non Black Muslim "Occupy"

11  complainants superior service to plaintiffs by completing "Occupy" related investigations according

12  to policy. In comparison, said defendant with deliberate indifference failed to complete Black Muslim

13  plaintiffs IAD13-1062 according to policy or at all to date.

14    Defendant OPD IAD provided transcripts of interviews to Thomas Frazier related to non

15  Black Muslim "Occupy" investigations and OPD IAD provided transcripts of interviews after

16  investigating IAD07-0553 to non Black Muslim officer Grant, yet failed and refused to provide any

17  documentation of transcripts to plaintiffs associated with plaintiffs complaints IAD07-0538 and

18  IAD13-1062 as provided to non Black Muslim initiated complaints by defendant employee Grant and

19  IAD non Black Muslin "Occupy" complaints based upon Plaintiffs status as Black Muslims and as a

20  class of [two].

21    This constitutes a violation of Plaintiffs right to equal protection and right to equal treatment.

22  Plaintiffs have suffered Mentally, Physically, and Financially as a result.

**Count 9**: Section 42 U.S.C. § 1986 claim by Plaintiffs Ali Saleem Bey and John Muhammad Bey against the City of Oakland and Robert Warshaw.

On or about March 2012 plaintiffs Ali Saleem Bey and John Muhammad Bey notified Robert Warshaw and PPS LLC via certified mail of a pattern and practice of civil rights violations committed by defendant OPD employees against plaintiffs. Plaintiffs repeatedly between 2012 and present via email, in person, written letter, and phone alerted defendant Warshaw and PPS LLC of said defendants policy of violating plaintiffs 42 U.S.C. 1983 and 1985 civil rights. In defendant Warshaws federally appointed and defendant City of Oakland contractual compensated position as first Monitor an then compliance director had the power and authority to have prevented the detrimental policy of deliberate indifference applied to plaintiffs Saleem Bey and John Bey and concealment of evidence beneficial to said plaintiffs by successive defendant OPD chain of command under his authority.

Robert Warshaw was aware that each of the violations complained of in IAD07-0538 2007 and IAD13-1062 2014 were and had been committed by current defendant City of Oakland employees Sean Whent, David Downing, Ersie Joyner, and Derwin Longmire, said defendant Warshaw had the ability as Federally appointed monitor and has the fiduciary contractual based responsibility as current compliance director responsible for supervision of defendant OPD, to prevent said violations from continuing against plaintiffs. In violation of 42 USC 1986 Warshaw failed to take action to prevent said violations from continuing against plaintiffs John Bey and Saleem Bey.

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all

1  damages caused by such wrongful act, which such person by reasonable diligence could have

2  prevented; and such damages may be recovered in an action on the case; and any number of

3  persons guilty of such wrongful neglect or refusal may be joined as defendants in the action

4      Named defendants failed to prevent defendants from continuing in conspiracy, to pursue its

5  policy of failure to investigate in relation to plaintiffs' IAD complaint 13-1062 as mandated in OPD

6  policy and procedure. Defendant Warshaw has knowledge supplied diretly by plaintiffs of current

7  defendant employees Whent, Downing, Joyner, and Logmires unresolved violations of plaintiffs' 42

8  U.S.C. §1983 and §1985 constitutionally guaranteed rights to equal treatment and protection from

9  discrimination under color of law by providing unequal treatment as compared to similarly situated

10  aggrieved non Black Muslim complainants acknowledged and addressed in defendant Warshaw's

11  required Quarterly reporting to honorable Judge Thelton Henderson of violations committed by

12  defendant OPD IAD, CID, and chain of command.

13  

14      Defendants Warshaw and PPS LLC followed an unwritten policy of deliberate indifference

15  toward plaintiffs John Bey and Saleem Bey 2007 to present by administering its regular and internal

16  investigation procedures in a manner motivated by intentional discrimination against Black Muslims

17  which plaintiffs Saleem Bey and John Bey are known to be

18  

19      The moving force behind defendant's deliberate indifference discrimination against plaintiffs'

20  religious class is, defendant's historical animus based training received as a [brother in blue with

21  OPD] against Black Muslims which plaintiffs are known to be by said defendants. Said defendant

22  actions constitutes violation of Plaintiffs civil rights to equal protection and right to equal treatment.

23  Plaintiffs have suffered Mentally, Physically, and Financially as a result;

24  

25      Plaintiffs request a summary judgment on the pleadings that at minimum compels defendant

26  City of Oakland to provide equal treatment to plaintiffs Saleem Bey and John Bey of an independent

27  investigation of all crimes and complaints by Plaintiffs against defendants to date. As demonstrated

by plaintiff pleading defendant City of Oakland has a policy based upon irrational hatred toward

plaintiffs as moving force provides as policy deliberate indifference treatment against plaintiffs as

Black Muslims. D This constitutes a violation of Plaintiffs right to equal protection and right to equal

treatment. Plaintiffs have suffered Mentally, Physically, and Financially as a result defendant City of

Oakland has provided independent investigations to similarly situated non Black Muslims.

<u>DEMAND FOR RELIEF</u>

1.      A non bias independent criminal investigation of defendants and conspirators collectively

connected to civil rights violations connected to IAD 07-0538, current IAD 13-1062, and the murder

of Black journalist Chauncey Bailey.

2.      Immediate removal of the Chief of Police and Deputy Chief by Defendant City of Oakland for

concealing a pattern of Racial and Religious profiling discrimination against Plaintiffs.

3.      Immediate D.O.J Civil Rights Division overseen and management of said Federal

Receivership for the Oakland Police Department to ensure lasting federal civil rights respect and

protections of all citizens of Oakland from former and current COINTELPRO influenced and trained

Law Enforcement leadership and the development of a peaceful and mutually respectful community

centric police model for the benefit of all citizens of the City of Oakland California.

4.      An apology and admission of the COINTELPRO tactic operation and purposeful fomenting

of black on black murder and violence by Defendant. Including an admission and apology for aiding

Yusuf Bey 4th and resultant fabrication "created" OPERATION CRIMEWAVE  and the resultant

media fueled negative false public perception (defamation) of Black Muslims and Bey family

members.

5.      Compensation commensurate with the totality of loss and criminal activity of Defendants against Plaintiffs known now, and revealed in future investigations directly resulting in deprivation of civil rights and lasting mental, physical, emotional, character, political, and economic harm inflicted and damage and destruction done as a result of the historical pattern and practice of civil rights violating actions against racially and religiously profiled Plaintiffs by Defendants.

### Demand for Jury Trial

☒        Plaintiff demands a jury trial on all issues.

Respectfully submitted,

Date: _1/20/2016_        Sign Name: _____

                         Print Name: Ali Jaleem Bey

Date: _1/20/0016_        Sign Name: _____

                         Print Name: John Bey

                                                    _____

                                                    In Pro Per

# EXHIBITS

EXHIBITS

1. IAD 13 -1062 dates 03/18/2014
2. IAD07-0538 dated 09/01/07
3. Concealed Carry Weapons permit application turned down by OPD chief of police Tucker
4. 2007 CID ORG chart showing supervisor Joyner and employees Crutchfield and Longmire
5. CPRB intake form filed by plaintiffs Saleem Bey on 07/13/07 naming employees Brock and Crutchfield and chain of command demanding an independent investigation.
6. 07/09/09 internal Skelly testimony by supervisor Joyner admitting "different" treatment is defendant  policy for plaintiffs as Black Muslims
7. Longmire 2011 testimony that a culture of hatred against Balck Muslims and Your Black Muslim Bakery is accepted policy in defendant OPD
8. Similarly situated Grant complaint provided  "findings" on supervisor Ersie Joyner
9. Similarly situated Grant complaint provided  "findings" on supervisor Jeffrey Loman
10. Similarly situated Grant complaint provided  "findings" on Sgt. Derwin Longmire
11. DOJ report showing failure to provide plaintiff Saleem Bey's IAD07-0538 to Sate investigators when requested which is evidence of unequal treatment and obstruction of justice
12. Testimony by Longmire and Joyner of a racism aimed at Black Muslims by defendant employees based upon traditional attire associated with Black Muslims.
13.  Joyner testimony that he was following chain of command orders while violating plaintiffs' civil rights

Exhibit 1

CITY OF OAKLAND



DALZIEL BUILDING • 250 FRANK H. OGAWA PLAZA, SUITE C • OAKLAND, CALIFORNIA 94612-2010

Police Department
Internal Affairs Division

Telephone Device for the Deaf (510) 238-7629
Administrative Section (510) 238-3161
Investigation Section (510) 238-3161
Fax (510) 238-3014

March 18, 2014

Ali Saleem Bey

**RE: IAD File Number: 13-1062**

Dear Mr. Ali Saleem Bey:

You initiated a complaint with the Oakland Police Department (OPD).  An investigation into the allegations has been completed.  The allegations and investigative findings are listed below:

Performance of Duty- The complainants alleged that there was a systemic failure on the part of the Oakland Police Department during the investigation of the murder of Waajid Bey and the attempted murder of John Bey as it relates to the follow up criminal investigation.  The investigation disclosed sufficient evidence to determine that the alleged conduct did occur.  A finding of "Sustained" has been determined.  This finding is applied to the Oakland Police Department as the individual Subject Officers and their immediate supervisor are no longer employed by the O.P.D.

The Department apologizes for any inconvenience this incident may have caused you.  Should you have any questions regarding this matter, please telephone me at (510) 238-3161 on any weekday between 9:00 AM – 5:00 PM.  You may also file a complaint with the Citizen's Police Review Board.  Their telephone number is (510) 238-3159.

Sincerely,

Robert Supriano
Acting Lieutenant of Police
Internal Affairs Division

RS:hc

Exhibit 2

 

POLICE ADMINISTRATION BUILDING · 455 · 7TH STREET · OAKLAND, CALIFORNIA 94607-3985

Police Department

September 1, 2007

Telephone Device for the Deaf (510) 777-3333
Patrol Desk (510) 238-3455
Fax (510) 238-2251

Mr. Saleem Bey

Oakland, CA 94602

**RE: IAD File Number: 07-0538**

**Note:IAD complaint 07-0538 was filed 7/13/2007 4 days before Bailey received story from Saleem Bey and over 2 weeks before his murder. Then it was closed 29 days after his murder and it never shows up in any investigation.**

Dear Mr. Bey:

You initiated a complaint against an officer of the Oakland Police Department. An investigation into the allegation has been completed. The allegation and investigative finding are listed below:

Service Complaint: You initiated a complaint regarding an improper policy, procedure, practice, service level or legal standard of the Department. The Internal Affairs Division has documented and worked toward resolving your complaint. The circumstances will be further reviewed in order to improve our future service to the community.

The Department apologizes for any inconvenience this incident may have caused you. Should you have any questions regarding this matter, please telephone me at (510) 238-3161 on any weekday between 9:00 AM – 5:00 PM. You may also file a complaint with the Citizen's Police Review Board. Their telephone number is (510) 238-3159.

Sincerely,

David Downing
Lieutenant of Police
Internal Affairs Division

Exhibit 3



**Alameda County Sheriff's Office**

LAKESIDE PLAZA, 1401 LAKESIDE DRIVE, 12th FLOOR, OAKLAND, CA 94612-4305

CHARLES C. PLUMMER, SHERIFF
MARSHAL - CORONER - PUBLIC ADMINISTRATOR
DIRECTOR OF EMERGENCY SERVICES

(510) 272-6900

March 14, 2006

Ali Saleem Bey

Oakland, CA 94602

**SUBJECT:**       <u>**CONCEALED WEAPONS PERMIT APPLICATION DENIAL**</u>

Dear Mr. Bey:

Your application for a concealed weapon permit has been denied.   After researching your request for a concealed weapon permit, it was determined that there is insufficient justification for issuance of a concealed weapon permit to you at this time.

If you have further questions you may call Internal Affairs at (510) 208-9800.

Sincerely,

Charles C. Plummer
Sheriff-Coroner

Gregory Ahern #705

Gregory J. Ahern, Commander
Law Enforcement Services Division

GJA: sh

Exhibit 4

# 2007 OPD CID Homicide Division

**Lt. Ersie Joyner, III (§130.908)- Homicide Section**

**COMMON SUPERVISOR**

Sgt. Richard Andreotti

Sgt. Caesar Basa

Sgt. Todd Crutchfield

Sgt. Louis Cruz

Sgt. Gustavo Galindo

Sgt. Trevelyon Jones

Sgt. Shawn Knight

Sgt. Derwin Longmire

Exhibit 5

City of Oakland
Citizens' Complaint Form   p.2, TF-3039b (2/03)

| For Official Use Only | | Date Stamp |
|---|---|---|
| Case No. | | 7/13/07 |

| Complainant's LAST Name, First, Middle | ☐ Male  ☐ Female | Race: ☐ Hispanic  ☐ Asian  ☐ White  ☐ Black  ☐ Other | Date of Birth |
|---|---|---|---|
| Bey   Ali   Saleem | | | ▓▓▓▓▓ |

| Address | City/Zip ☐ Oakland | Home Phone ( 510 ) | Work Phone (510) |
|---|---|---|---|
| ▓▓▓▓  ST.   94602 | | ▓▓▓▓▓ | ▓▓▓▓▓ |

**Complete this Portion if Complainant is a Minor or if Assisted by an Attorney**

| LAST Name, First, Middle | | Relationship to Complainant |
|---|---|---|
| Address | City/Zip ☐ Oakland | Home Phone (   )   Work Phone (   ) |

| Location of Occurrence | | Day | Date | Time | ☐ AM |
|---|---|---|---|---|---|
| Oakland | Waajed Bey → | 27 | 2/04 | X | ☐ PM |
| Identity of Involved Personnel | John Bey → | 7/17/05 | | | |

| Badge No. | Name / Vehicle No., etc. | ☒ Officer  ☐ Ranger  ☐ Jailer  ☐ Civilian | Sex | Race |
|---|---|---|---|---|
| | Brock | | M | |
| | Crutchfield | | M | |
| | | | | |
| | | | | |

Brief Narrative Using Own Words. *(If you need more space, use an additional sheet of paper. Any questions, call the Internal Affairs Division at 510 238-3161 or the Citizens' Police Review Board at 510 238-3159.)*

There was a very involved OPD investigation into the kidnapping + murder of Waajed Bey + the lie in wait ambush by 4 shooters of John Bey.

Their family is concerned that after 37 mos of intense investigation in Waajed's murder + 24 mos of intense investigation into John's attempted murder there has been no progress even with family members feeding leads.

| Were you injured? ☐ No ☐ Yes (Describe) | What would you like as a result of this complaint? |
|---|---|
| | Independent review of these cases |

| Witness Name (LAST, First, Middle) | Address | City/Zip | Phone (Include Area Code) |
|---|---|---|---|
| John M. Bey | | | (510) ▓▓▓ |
| Ali Saleem Bey | | | (510) ▓▓▓ |
| ▓▓▓▓ Bey | | | (510) ▓▓▓ |

I have read and understood this statement, which I have made of my own free will, and the facts contained therein are true and correct to the best of my knowledge.

Complainant's Signature X  *Ali Saleem Bey*    Date 7/13/07

**For Official Use Only**

| Check all Categories that Apply: | | Complaint Received by | Date Received |
|---|---|---|---|
| ☒ Force  ☒ Conduct  ☒ Untruthfulness | | ☒ Walk-in ☐ Mail ☐ Fax | 7/13/07 |
| ☒ Procedure  ☒ Bias/Discrimination | | Intake Officer/Personnel | ☐ IAD |
| ☐ Other _____ | | J. Phillips | ☒ CPRB |

Exhibit L

# Defendant Internal Investigation

7/9/2009  Longmire Skelly response

When Lt. Joyner was asked if investigations related to the Bakery were "handled differently than other investigations?" he responded by stating, "*Everything related to the Bakery was handled differently. Everything.*" Lt. Joyner went on to explain that this was, in his opinion, due to both politics and liability issues (Joyner, DOJ interview, 90:13-25).

EXHIBIT H

**Page 126**

```
 1   BY MS. JORDAN-DAVIS:
 2   Q.  Did you ever buy cookies from the bakery or
 3       bring cookies to work and tease people and say, "Hey,
 4       I got these from the bakery. Would you like some?
 5   A.  Oh. Yeah. Yeah. Yeah. In fact, there's a     12:47:29
 6       real good story I might as well share with you.
 7   Q.  Okay.
 8   A.  One day my partner and I, The Crutchfield,
 9   Q.  Sergeant.
10   A.  who's a white male, we were out riding around after  12:47:41
         lunch, and I said, "Hey, man, let's stop by the
11       bakery and grab some cookies."
12       So he says, "Ok big deal."
13       So we stopped by and got some cookies, and we
14       got back to the office and I said, "Hey, man, Tim
15       Nolan, he hates the fact that these guys are in      12:47:51
16       existence." I said, "So here's what I'm going to do:
17       Let's take them out of the wrapper, we'll put 'em on
18       a napkin, you sit at your desk and just eat 'em.
19       Just start eating one and talk about how good these
20       cookies are from your mother."                       12:48:05
21       So he's like, Okay.
22       I said, "Now we're going to try to bait Tim
23       into eating one of these cookies."
24   Q.  Okay.
25   A.  Tim is a big old country boy from Idaho.             12:48:13
```

**Page 128**

```
 1   Q.  What is his rank?
 2   A.  He's a sergeant.
 3   Q.  The Crutchfield, you mentioned him?
 4   A.  The Crutchfield, yes, ma'am.
 5   Q.  Is it Tie or Todd?                                   12:49:35
 6   A.  Todd, two Ds.
 7   Q.  Two Ds. Got it. And his rank?
 8   A.  Sergeant.
 9   Q.  Is he still employed by the department?
10   A.  He is. He's on leave now, but he is still            12:49:43
11       employed.
12   Q.  Do you have any reason to believe that Todd
13       Crutchfield believed or thought that you had any
         affiliation with the bakery?
14   A.  None.                                                12:49:56
15   Q.  I understand, sir, that you sometimes wear
16       bowties; is that correct?
17   A.  Yes, ma'am.
18   Q.  You like the way they look?
19   A.  Yes.
20   Q.  Really?                                              12:50:05
21   A.  Captain Joyner, he got it wrong, too. He
22       said I wore it because it made me seem smart.
23   Q.  Okay. Why did you wear a bowtie?
24   A.  Because it makes you look distinguished.             12:50:15
```

EXHIBIT Culturalized Bias

78

DEPOSITION OF DERWIN KEITH LONGMIRE - WEDNESDAY, APRIL 27, 2011

```
 1   Q.   Short cut?
 2   A.   Yes.
 3   Q.   More hair than you currently?
 4   A.   Yes, ma'am.  Yes, ma'am.
 5   Q.   Okay.  And I understand you went to the          12:45:29
 6        bakery because you thought that they had healthier
 7        food choices than other establishments, correct?
 8   A.   Yes.  At the time I was competing in the body
 9        building competition for the California Police
10        Olympics.                                        12:45:48
11   Q.   Okay.
12   A.   And the diet was quite restrictive, so you
13        had to be very careful about what went in, and
14        allegedly they had -- prepared their foods with
15        ingredients that were not detrimental to that    12:46:58
16        challenge.
17   Q.   Did you ever find out if that's the truth?
18   A.   No.
19   Q.   Okay.  But you did enjoy their baked goods
20        and other products?                              12:47:10
21   A.   Yes.  Tofu burgers and fish burgers, and then
22        of course my big vice has always been chocolate chip
23        cookies, so --
24            MR. SCOTT:  What about the pies?
25            THE WITNESS:  Rarely.  Very, very rarely.    12:47:21
```

125

```
 1             So when we pulled the joke off it was
 2        absolutely hilarious when we told him that they were
 3        from the Black Muslim Bakery, I mean everybody in
 4        the office just howled about it, thought it was
 5        horribly funny.                                  12:48:29
 6   A.   So from that sense I did, yes.
 7   Q.   When did that occur, like frame?
 8   A.   Probably in 2006, maybe even early 2007.
 9   Q.   Before the Bailey murder?
10   A.   Yes, ma'am.                                      12:48:45
11   Q.   Did you have any information at the time that
12        Tia Nolan thought that you were somehow affiliated
13        with the bakery?
14   A.   Tia never thought that.
15   Q.   Okay.                                            12:48:55
16   A.   He's one of the very, very, few friends that
17        I have.  In fact, he was always really put out by the
18        fact that all of these so-called investigations, they
19        never ever called on him.  Because you could not find
20        two men that's more diverse than Tia and I, who would  12:49:05
21        be willing to tell the truth about who I was.  He's
22        always been put out by that.
23   Q.   And is Tia Nolan currently employed by the
24        department?
25   A.   Yes, ma'am.                                      12:49:25
```

127

Exhibit 8

# Grant "findings"

As to Lieutenant Ersie Joyner

**Retaliation Accountability**                            **MOR 398.74**                **Sustained**
This investigation disclosed a preponderance of evidence to determine that Lieutenant Ersie Joyner
was in violation of OPD policy.

**Supervisors – Authority and Accountability**    **MOR 285.00**                **Sustained**
This investigation disclosed a preponderance of evidence to determine that Lieutenant Ersie Joyner
was in violation of OPD policy.

Exhibit 9

# Grant "findings"

## RECOMMENDED FINDINGS

As to Deputy Chief Jeffrey Loman

**Retaliation**                                    **MOR 398.73**                          **Sustained**
This investigation disclosed a preponderance of evidence to determine that Deputy Chief Jeffrey
Loman was in violation of OPD policy.

**Retaliation Accountability**              **MOR 398.74**                          **Sustained**
This investigation disclosed a preponderance of evidence to determine that Deputy Chief Jeffrey
Loman was in violation of OPD policy.

**Reporting Violations – Failure to Report MOR Violations MOR 314.48.1**      **Sustained**
This investigation disclosed a preponderance of evidence to determine that Deputy Chief Jeffrey
Loman was in violation of OPD policy.

**Supervisors – Authority and Accountability**      **MOR 285.00**            **Sustained**
This investigation disclosed a preponderance of evidence to determine that Deputy Chief Jeffrey
Loman was in violation of OPD policy

**Compromising Criminal Cases**                **MOR 370.72.1**                      **Sustained**
This investigation disclosed a preponderance of evidence to determine that Deputy Chief Jeffrey
Loman was in violation of OPD policy.

Exhibit 10

# GRANT Internal Affairs Investigation
# LONGMIRE ALLEGATIONS

As to Sergeant Derwin Longmire

| Retaliation | MOR 398.73 | Sustained |

This investigation disclosed a preponderance of evidence to determine that Sergeant Derwin Longmire was in violation of OPD policy.

| Compromising Criminal Cases | MOR 370.72.1 | Sustained |

This investigation disclosed a preponderance of evidence to determine that Sergeant Derwin Longmire was in violation of OPD policy.

| Insubordination | MOR 314.30 | Sustained |

This investigation disclosed a preponderance of evidence to determine that Sergeant Derwin Longmire was in violation of OPD policy.

| Performance of Duty | MOR 314.39 | Sustained |

This investigation disclosed a preponderance of evidence to determine that Sergeant Derwin Longmire was in violation of OPD policy.

Membership in Organizations          MOR 383.56.2          Unfounded

This investigation disclosed a preponderance of evidence to determine that Sergeant Derwin

18

Exhibit PP

# Obstruction of Justice

## BACKGROUND INFORMATION

In April of 2008, the Internal Affairs Division of the Oakland Police Department was assigned to investigate the activities of Sergeant Derwin Longmire in regards to Chauncey Bailey murder (OPD RD # 07-059842) which may also involve the "Your Black Muslim Bakery". It was alleged that a violation of MOR 370.72-1, Compromising Criminal Cases, might have occurred.

To further investigate the above listed complaint, investigators requested and obtained crime reports, follow-up investigations, audio/video recordings, media reports, witness statements, taped recorded interviews and transcripts, relating to the Chauncey Bailey murder OPD RD # 07-059842, the San Pablo Liquor Market, Felony Vandalism OPD RD# 05-075886, New York Market, Armed Robbery & Felony Vandalism OPD RD# 05- 075887, and the ███████████ ███████ Kidnapping OPD RD# 07-039206.

WHGNT DOWNING

Exhibit 12

# RACIST CID POLICY

5. Joyner said Longmire started to wear bowties after he and Longmire were promoted. Several guys in the office accused him of being Muslim. Joyner said he talked to Longmire and said, "Hey, dude, stop wearing that bowtie, everybody thinks you're a Muslim." Joyner said Longmire thought they were all being racist.

**EXHIBIT JTTF Complicity** 

# JTTF Members NAMED BY OPD

Lt. Joyner also described his attendance at a number of "focus group meetings" concerning the YBMB. According to Joyner, prior to the Bailey murder, the focus group met about ten times, approximately once a week. After the Bailey murder, the focus group met another five to ten times. As Joyner described the focus group meetings, Assistant Chief Jordan kept a sign-in sheet for those in attendance. Fifteen people from every law enforcement branch in the Bay Area showed up for the meetings as well as Assistant District Attorney Tom Rogers. In addition, the focus group meetings were attended by Deputy Chief Jordan, Deputy Chief Israel, Capt. Loman, members of the FBI, Doug Sprague, an Assistant United States Attorney, and members of ATF. "Every bullet point, every step I made in this investigation was clearly laid out to this group, clearly approved and moved forward, and in fact, on several occasions, Assistant Chief Jordan as well as Tom Rogers were giving Derwin Longmire directives on what to do." (Joyner, DOJ interview, 29:6-24; 239:16-240:10.)

State DOJ interview of Defendant employee Ersie Joyner. Employee clearly states that this group was directly ordering Joyner and Longmire's actions aiding Yusuf 4th (EXHIBIT Tampering) while they compromised criminal cases through obstruction of justice. To the "Depraved" direct detriment of Plaintiffs' safety as well as greater community and public