UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI SALEEM BEY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF OAKLAND, et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-01626-JSC<br><br>**ORDER RE: THIRD AMENDED COMPLAINT AND REQUEST TO MODIFY MEDIATION DEADLINE** |

　　　　Now pending before the Court is Defendant's request to modify the parties' deadline to participate in mediation in the Court-sponsored ADR Program due to the filing of Plaintiffs' Third Amended Complaint ("TAC"). (Dkt. No. 62.) By Order of December 15, 2015, the Court granted Defendant's motion for judgment on the pleadings but granted Plaintiffs leave "to amend the complaint to remedy the defects discussed" in the Order. (Dkt. No. 54 at 26.) Plaintiff has since filed the TAC, which alleges nine causes of action, including a newly-alleged claim under 42 U.S.C. § 1986 and ten newly-added defendants, all individual officers with the Oakland Police Department. (Dkt. No. 60.) The Court did not authorize Plaintiffs to add a new claim or new parties. (Dkt. No. 54 at 26.) Plaintiffs did not seek leave to do so.

　　　　While the Second Amended Complaint ("SAC") named a number of Doe Defendants, and the TAC appears to allege that the newly named defendants are substitutions for the Does (*see* Dkt. No. 60 at 2), the general rule that "a plaintiff who names a Doe defendant in his complaint and alleges that the defendant's true name is unknown has three years from the commencement of the action in which to discover the identity of the Doe defendant, to amend the complaint accordingly" *Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 800-01 (9th Cir. 1986) (citing Cal. Civ. Proc. Code §§ 474, 581a, the predecessor statute to the current § 583.210, which is virtually

identical), does not apply.  First, six of the ten newly-added defendants were already identified by name in earlier iterations of the complaint.  Second, Plaintiffs did not allege in the SAC that the Doe Defendants' identities were unknown.  Moreover, the SAC, while it named Doe Defendants, brought the causes of action solely against the City of Oakland.  The Court's Order granting leave to amend therefore permitted Plaintiff to amend the claims only against the City.

Accordingly, the Court dismisses the new Section 1986 claim and all of the new individual defendants without leave to amend.  Defendant need only respond to the Third Amended Complaint as if it did not include such allegations.  Defendant's answer or other response shall be filed on or before February 25, 2016.  In light of the parties' representations at the hearing on the motion for judgment on the pleadings regarding the futility of mediation until the pleadings are set, the Court finds good cause to vacate the mediation deadline and therefore GRANTS Defendant's request.

**IT IS SO ORDERED.**

Dated: February 2, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge