CHARLES A. BONNER, ESQ.  SB# 85413
A. CABRAL BONNER, ESQ. SB# 247528
**LAW OFFICES OF BONNER & BONNER**
475 GATE FIVE RD, SUITE 212
SAUSALITO, CA 94965
TEL: (415) 331-3070
FAX: (415) 331-2738
cbonner799@aol.com
cabral@bonnerlaw.com

ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| **ALI SALEEM BEY and JOHN MUHAMMAD BEY,**<br><br>            Plaintiffs,<br><br>    vs.<br><br>**CITY OF OAKLAND, et al.,**<br><br>            **Defendants** | Case No.: 14-cv-01626-JSC<br><br>**DECLARATION OF PLAINTIFFS' COUNSEL, CHARLES A. BONNER, IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF A SPECIAL INVESTIGATOR**<br><br>Hearing Date: March 30, 2018<br>Time: 10:00 a.m.<br>Courtroom: F<br>Location:   15th Floor<br>                   450 Golden Gate Ave.<br>                   San Francisco, CA<br><br>**Judge: The Hon. Jacqueline S. Corley** |

I, Charles A. Bonner, declare:

1.      I am an attorney licensed to practice law in the State of California and represent the Plaintiffs in the within action, along with my co-counsel, Adam Cabral Bonner. I am duly admitted to practice law in this Court. My co-counsel and I have been counsel of record for the Plaintiffs in this case since on or about August 12, 2016.

**DECLARATION OF PLAINTIFFS' COUNSEL, CHARLES A. BONNER, IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF A SPECIAL INVESTIGATOR**

14-cv-1626- JSC

1

2. I have personal knowledge of the matters stated herein and would testify to the same if called to do so in a Court of law, except as to those matters which may be stated upon information and belief, and as to those matters, I am informed and believe them to be true and correct to the best of my knowledge.

3. I graduated from the New Collage School of Law in 1978 and was admitted to the California Bar in 1979. I have been in private practice since 1979, with an emphasis in civil litigation. A sizable portion of my practice is devoted to civil rights cases involving police practices. I have handled numerous 42 U.S.C. Section 1983 police misconduct cases during the course of my law practice, including, but not limited to, claims involving alleged police misconduct against police agencies in cities which include San Francisco, San Rafael, Novato, Oakland, Richmond, Sacramento, the CHP, and the Syracuse, NY Police Department, Fort Meyers Florida, North Carolina State Bureau of Investigation, among others. I have also represented police officers in San Francisco, including the former Chief of Police, Earl Prentice Sanders, and San Francisco Patrol Special Police Officers.

4. Like many of my fellow civil right attorneys, such as Howard Moore Jr., John Burris, Jim Chanin, John Huston Scott, and others, in bringing these civil rights cases, I endeavor to not only zealously represent and prosecute my clients' claims for the intended relief, but also to make qualitative and systemic changes though the legal system to obviate and preclude the recurrence of the conduct resulting in the violation of my clients' civil rights; to assist the Court and police departments in implementing substantive and procedural changes to improve police policies, practices, training and supervision; and to seek help from the Court to make the Constitutional protections of civil rights the paramount mandate of professional policing services to our communities.

5. This case reflects an ongoing pattern and practice and policies that are analogous to the *de facto* Jim Crow laws that I have challenged since I was sixteen years old in my home town of Selma, Alabama when then Sheriff Jim Clark imposed the unconstitutional

**DECLARATION OF PLAINTIFFS' COUNSEL, CHARLES A. BONNER, IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF A SPECIAL INVESTIGATOR**

14-cv-1626- JSC

2

discriminatory laws with the full force of law enforcement. The evidence in the *Bey* case shows that for the last twelve years, since August 19, 2005, 63 days after the attempted murder of John Bey, the Oakland Police Department has discriminatorily failed to investigate crimes against the Bey brothers because they are Black Muslims, violating their constitutional rights guaranteed by the First and Fourteenth Amendments of the U.S. Constitution.

6. In this spirit, my office, The Law Offices of Bonner & Bonner, substituted into this action in August 2016, replacing the Plaintiffs who had been In Pro Per from the inception of this case on April 9, 2014.

**This is a 42 U.S.C. §1983 Case with the following legal issues**

7. This case is brought pursuant to 42 U.S.C. §1983 for violation of Plaintiffs' Constitutional rights and involves the following Disputed Issues of Fact:

8. Whether Defendant City of Oakland OPD violated Plaintiffs' First Amendment Right of Freedom of Religion; and

9. Whether Defendant City of Oakland OPD violated Plaintiffs Fourteenth Amendment Right of Equal Protection under the law based on religious and racial discrimination against them as Black Muslims.

**Disputed Issues of Law:**

10. The major disputed issues of Law were addressed by the Court in Defendants' Fed. R. 12 (6) Motion to dismiss the Plaintiffs' TAC. The Court found:

11. "Defendant argues that Plaintiffs' and the Occupy Oakland complainants' investigations are not similarly situated because the differences described above-the court order and the factual circumstances-make clear that they are not identical. But *Purze* was a summary judgment case, not a pleadings case. Moreover, *Purze* involved a "class of one" Equal Protection theory, not a classification theory as here, and "class of one" discrimination involves more strict enforcement of the similarly-situated requirement. See *Warkmtille v. Soria*, --- F. Supp. 3d...., No. 1: 13-cv- 01550-MJS, 2016 WI. 259108, at

**DECLARATION OF PLAINTIFFS' COUNSEL, CHARLES A. BONNER, IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF A SPECIAL INVESTIGATOR**

14-cv-1626- JSC

*I8 (E.D. Cal. Jan. 21, 2016) (citing *JDC Mgmt., UC v. Reich*, 644 F. Supp. 2d 905, 926 (W.D. Ivlich 2009»). Put simply, *Purze* does not compel the conclusion that a plaintiff must allege that two sets of internal affairs investigations into officer misconduct must complain of identical issues and be subject to identical constraints in order to be similarly situated for the purposes of surviving a motion to dismiss." *Purze v. Village of Willthrop Harbor*, 286 F.3d 452 (7th Cir. 2002)  (P-24 Order Re: Motion To Dismiss TAC)

12.     My review of the evidence and record in this case shows the following: Defendant Oakland Police Department ("OPD") failed to protect Plaintiffs Ali Saleem Bey and John Muhammad Bey by failing to investigate a shooting ambush and other reported crimes against Mr. John Bey.

13.     The Bey Brothers have been begging the OPD for investigation and protection, as they were living in desperate fear for their lives as well as the lives of their wives, children, parents and loved ones. OPD deliberately and concertedly ignored their pleas for investigations of murder, assaults and threats. OPD's pattern and practice of failure to investigate is motivated by animosity and hatred against the Bey Brothers because they are members of the Black Muslim faith.

14.     Plaintiffs Ali Saleem Bey and John Muhammad Bey assert in this action against the City of Oakland ("Defendant") in their Third Amended Complaint ("TAC '), violations of their constitutional rights, including their First Amendment Right of Freedom of Religion and Fourteenth Amendment Right of Equal Protection. The Plaintiffs contend that the Oakland Police Department ("OPD") failed to adequately investigate Plaintiffs' internal affairs complaints due to racial and religious discrimination against Plaintiffs as members of the Black Muslim community.

15.     Because the OPD continued to fail to investigate the Bey Brothers' complaints and failed to provide protection against known hostile group of young criminals, who were supported, aided and given admitted "special treatment" by members of OPD, Mr. Saleem Bey applied for a Conceal and Carry Permit to OPD. In his application he detailed the

**DECLARATION OF PLAINTIFFS' COUNSEL, CHARLES A. BONNER, IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF A SPECIAL INVESTIGATOR**

4

**14-cv-1626- JSC**

threats to the lives of the Beys personally and to their families. OPD denied the application of a Conceal and Carry Permit. At the same time, OPD allowed and ordered one of its officers, OPD Sgt. Derwin Longmire, to be embedded with the criminal element, knowingly and repeatedly permitting these young criminals to have access to illegal high-powered, military grade, AK 47 type assault automatic weapons. This police practice is referred to by the U.S. Department Of Justice as "Gun Walking".

16. In 2007, 2011, and 2013, the Beys filed complaints against OPD, charging that OPD was failing to provide them with protection by failing to investigate their complaints against particular OPD officers.

17. On March 18, 2014, OPD issued a letter indicating that it had completed its investigation into the IAD 13-1062, opened on July 23, 2013 by the Office of Compliance Director, Mr. Thomas Frazier. The Internal Affairs Complaint made the following investigative findings on Plaintiffs' allegations:

> Performance of Duty - The complainants alleged that there was a systematic failure on the part of the Oakland Police Department during the investigation of the murder of Waajid Bey and the attempted murder of John Bey as it relates to the follow-up criminal investigation. The investigation disclosed sufficient evidence to determine that the alleged conduct did occur. ***A finding of 'Sustained' has been determined***. This finding is applied to the Oakland Police Department, as the individual Subject Officers and their immediate supervisor are no longer employed by the O.P.D. (P-7 Order Re: Motion To Dismiss TAC) [Emphasis Added]

### STATEMENT OF FACTS

18. The Statement of Facts in Plaintiff John Bey's Declaration is incorporated herein as though fully set forth herein.

### URGENT NEED FOR INDEPENDENT INVESTIGATOR

19. The facts of this case show an urgent need of Court intervention for the Court Appointment of an Independent Investigator.

**DECLARATION OF PLAINTIFFS' COUNSEL, CHARLES A. BONNER, IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF A SPECIAL INVESTIGATOR**

14-cv-1626- JSC

5

20. On August 19, 2016, during the Court-ordered Settlement Conference before Judge James, I had a conservation with Ms. Kim Bliss, one of the City of Oakland Attorneys, and asked her if the City would stipulate to an "Independent Investigator" approved by the Court, like in the Occupy case, as had been repeatedly requested by Plaintiffs. Ms. Bliss declined to so stipulate.

21. Since I first began representing John and Saleem Bey in August 2016, I have spent a considerable amount of time with them at my office and in the home of Saleem Bey. I have observed the effect on them mentally as a result of the discriminatory denial of an investigation of the crimes perpetrated against them, including the attempted murder of John and the murder of their dear friend and religious brother Waajid Bey. I have observed in each of them severe mental and emotional distress, including classic symptoms of Post Traumatic Stress Disorder ("PTSD"), which I recognize from my 39 years of representing plaintiffs with such symptoms.

22. Based on my observations and their reports to me about the suffering they are experiencing, and that of their wives, children close family members, directly resulting from the disparate treatment they have received over the last almost 13 years since the attempted murder of John, I can attest that they are in desperate need of relief that only this Court can provide—an Independent Investigator of the crimes against them and of their IAD complaints. OPD conduct is the classic insult to injury: OPD failed to investigate the crimes against the Bey Brothers, and then failed to investigate their IAD complaints against OPD for failing to investigate the crimes. The evidence is weighted beyond the required preponderance that OPD's disparate treatment is motivated by a long history of animus against the Bey Brothers because of their religious faith and race, their classification as "Black Muslim". This injustice is toxic to their spirit as human beings, daily eating at their souls like the toxic Drano eats a clogged drain. This is wrong. This is a violation of the Constitution. John and Saleem Bey need the help of this Court.

**DECLARATION OF PLAINTIFFS' COUNSEL, CHARLES A. BONNER, IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF A SPECIAL INVESTIGATOR**

6

14-cv-1626- JSC

23. All of the exhibits attached to the Declaration of John Bey are originals, or true and correct copies of originals, and were obtained through the Discovery, the FOIA and investigations.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

This Declaration was executed on February 9, 2018 at Sausalito, CA. 94965

*/S/Charles A. Bonner*
Charles A. Bonner

DECLARATION OF PLAINTIFFS' COUNSEL, CHARLES A. BONNER, IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF A SPECIAL INVESTIGATOR

14-cv-1626- JSC

7