UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI SALEEM BEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>Defendants. | Case No. 14-cv-01626-JSC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR APPOINTMENT OF A SPECIAL INVESTIGATOR**<br><br>Re: Dkt. No. 104 |

Plaintiffs Ali Saleem Bey and John Muhammed Bey allege Defendants City of Oakland, the City of Oakland Police Department ("OPD"), and several police officers (together, "Defendants" or "City") discriminated against them by failing to properly investigate their 2013 complaint because they are Black Muslims. Now pending before the Court is Plaintiffs' motion for appointment of a special investigator. Having reviewed the parties' briefing and having had the benefit of oral argument on March 29, 2018, the Court DENIES the motion.

**PROCEDURAL HISTORY**

Plaintiffs filed this action in April 2014. (Dkt. No. 1.) The Court reviewed and dismissed Plaintiffs' complaints twice pursuant to 28 U.S.C. § 1915 before ordering the Second Amended Complaint ("SAC") served on the City. (Dkt. Nos. 11, 14, 16.) The SAC alleged that the City discriminated against Plaintiffs by failing to properly conduct (1) an investigation in 2004 after Waajid Bey was kidnapped and murdered, (2) an investigation in 2005 into the attempted murder of John Muhammed Bey, (3) an internal affairs complaint in 2007 regarding the allegedly discriminatory conduct in 2004 and 2005 to investigate the murder of Waajid Bey and attempted murder of John Muhammed Bey, and (4) a 2013 internal affairs complaint regarding the allegedly discriminatory conduct in 2004, 2005, and 2007. (Dkt. No. 15.)

Subsequently, the City filed a motion for judgment on the pleadings which the Court granted by dismissing the SAC in its entirety with leave to amend. (Dkt. Nos. 33, 54.) The Court concluded that "any claims related to OPD's conduct regarding the 2004, 2005, and 2007 investigations are time-barred and must be dismissed." (Dkt. No. 54 at 16:28-17:3.) The Court further concluded that the only potentially viable claims were related to Plaintiffs' allegations in connection with the 2013 investigation, but that Plaintiffs failed to allege that OPD treated similarly situated individuals of a different race or religion differently, and thus dismissed each of the 42 U.S.C. § 1983 claims. (*Id*. at 17:5-6, 22:24-23:2.) The Court also dismissed Plaintiffs' 42 U.S.C. § 1985 claim, concluding it is "not a stand-alone substantive right" and must be based on a viable section 1983 claim. (*Id*. at 22:13-14.)

On January 20, 2016, Plaintiffs filed a Third Amended Complaint ("TAC"), with nine causes of action including a new 42 U.S.C. § 1986 claim and ten new defendants. (Dkt. No. 60.) On February 2, 2016, the Court dismissed the new 42 U.S.C. § 1986 claim and the ten new defendants without leave to amend. (Dkt. No. 63.) The Court further ordered that "Defendant need only respond to the Third Amended Complaint as if it did not include such allegations[,]" and reset the deadline for the City to respond to the TAC to February 25, 2016. (*Id*. 2:7-9.)

The City then moved to dismiss the TAC. (Dkt. No. 65.) On April 26, 2016, the Court granted in part and denied in part the City's motion. (Dkt. No. 72.) The Court dismissed Count One, which again complained of inadequate services in connection with the 2007 complaint as time-barred and dismissed Count Four as duplicative of Count Two. (*Id*. at 20:6-8, 27:3-4.) The Court denied the motion in all other respects, concluding "the TAC sufficiently alleges that the Occupy Oakland-related Internal Affairs investigations complaining of officer misconduct are similarly situated to survive a motion to dismiss." (*Id*. at 27:5-15.)

Plaintiffs' remaining claims are the 42 U.S.C. § 1983 claims (Counts Two, Five, Seven and Eight) based on the alleged inadequacy of the 2013 investigation and the derivative 42 U.S.C. § 1985 claims (Counts Three and Six) based on an alleged conspiracy to violate Plaintiffs' civil rights. (*Id*. at 27:14-18, 25:11-12.) Plaintiffs allege they received a lower level of police services in connection with the 2013 investigation because they are Black Muslims and by contrast OPD

provided a higher level of service to Occupy Oakland-related allegations of misconduct, all of which, Plaintiffs allege, involved only non-Black Muslims. (Dkt. No. 60 at 13:19-14:11.) Two years later, Plaintiffs filed the instant motion for the appointment of a special investigator. (Dkt. No. 104.) The motion requests essentially the same relief Plaintiffs seek in their TAC. (Dkt. No. 60 at 58 ¶ 1.)

# DISCUSSION

## I. Evidentiary Objections

The City makes several objections to the declarations of attorney Charles Bonner and Plaintiff John Bey. The Court does not rely on either declaration in this Order. Therefore, the City's objections to the declarations are overruled as moot.

The City also objects to the Exhibits attached to Plaintiff John Bey's declaration. The Court discusses Exhibits 15, 19, and 20 only. Therefore, the City's objections as to the remaining Exhibits - 1, 4-7, 11-13, portions of 14, 16-18, and 21-25 - are overruled as moot.

The City objects to Exhibits 15 and 20 on the basis of relevance, authentication, and hearsay. Exhibit 15, a settlement agreement, and 20, a report regarding the City's response to allegations of officer sexual misconduct, are relevant as both parties' refer to the exhibits in their briefing. Further, the City's objections as to authentication are overruled given both Exhibit 15 and 20 were publicly filed in *Allen v. City of Oakland*, Case No. 00-cv-04599-WHO, and the Court may independently take judicial notice of said public documents.[1] *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Finally, the City's hearsay objection is overruled because the Court refers to Exhibit 15 and 20 not for their truth but rather for the statements made within those documents.

//

---

[1] The City requests the Court take judicial notice of Plaintiff's amicus brief in *Allen v. City of Oakland*, Case No. 00-cv-04599-WHO (Exhibit A) and a video recording of an Oakland City Council meeting on February 6, 2018. (Dkt. No. 129-1 at 2.) Plaintiffs request the Court take judicial notice of six documents publicly filed in *Allen*, including Exhibits 15 and 20 discussed above. (Dkt. No. 109.) Given both requests concern matters of public record whose authenticity is not reasonably questioned, the Court grants both requests. *See* Fed. R. Evid. 201; *Perkins v. Linkedin Corp.*, 53 F.Supp.3d 1190, 1204 (N.D. Cal. 2014).

3

**II.     Motion for Independent Investigator**

Plaintiffs argue the Court should appoint a special investigator pursuant to (1) the Settlement Agreement (the "Agreement") in *Allen v. City of Oakland*, Case No. 00-cv-04599-WHO, (Dkt. No. 112-15), or (2) the Court's equity powers. The City counters the Agreement and the Court's equity powers do not permit the appointment of a special investigator, and to the extent the motion is treated as a motion for a preliminary injunction, that too fails. The City also argues equitable relief is improper because Plaintiffs have unclean hands after Plaintiffs violated the protective order by publicly filing several exhibits designated as confidential by the City.

Because Plaintiffs have not moved for a preliminary injunction, the Court need not address this point and instead shall proceed to evaluate Plaintiffs' request for a special investigator pursuant to the Agreement and the Court's equitable powers.

**1.     Settlement Agreement**

The Agreement was entered into by the City of Oakland and the *Allen* plaintiffs. (*Id*. at 7:12-14.) It is binding and enforceable by these parties only. (*Id*. at 8:4-5, 21-23.) No person or entity is intended to be a third party beneficiary of the Agreement for the purposes of any civil, criminal, or administrative action, and may not assert any claim or right as a beneficiary or protected class under the Agreement. (*Id*. at 8:23-26.)

Clause 13 of the Agreement is entitled "Independent Monitoring." (*Id*. at 48:18-19.) Pursuant to this clause, the City and counsel for the *Allen* plaintiffs may mutually select a Monitor, subject to the approval of the Court, who reviews and reports on OPD's implementation of and compliance with the Agreement. (*Id*. at 48:20-22.) Pursuant to Clause 13 subjection G, "Responsibilities and Authorities," the Monitor is an agent of the *Allen* Court and is subject its supervision and orders. (*Id*. at 51:21-22.) The Monitor is responsible for assessing and evaluating compliance with the Agreement. (*Id*. at 51:23-24.)

Pursuant to subsection H, the Monitor conducts audits, reviews, and evaluations to report OPD's compliance with the Agreement, including the policy and procedures used by OPD for internal affairs misconduct investigations. (*Id*. at 52:3-5.) The Monitor is empowered to (1) review closed internal affairs investigations, (2) access and evaluate the quality and timeliness of

investigations, (3) recommend reopening investigations that the Monitor determines is incomplete, (4) recommend additional measures that should be taken with respect to future investigations, and (5) review and evaluate disciplinary actions or other interventions taken as a result of misconduct investigations. (*Id*. at 52:11-18.)

Nothing in the Agreement permits *this* Court to appoint a special investigator. The Agreement explicitly provides that the only individuals who may enforce the Agreement are the parties to the Agreement: the City of Oakland and the *Allen* plaintiffs. The Agreement prohibits any third parties, such as Mr. Ali Bey and Mr. John Bey, from benefiting under the Agreement. Nor does the Agreement contain a special investigator clause which enables this Court to appoint an investigator in *this* case. The Monitor in *Allen* is subject to the orders of the *Allen* Court, not this Court.

Plaintiffs argue the Agreement is an ongoing, living decree that requires continual attention and enforcement. Plaintiffs refer the Court to Exhibits 19 and 20 which Plaintiffs contend are examples of instances where the "Allen decree was invoked" in other courts. However, Exhibits 19 and 20 were not filed in other courts—they were filed in the *Allen* case. Exhibit 19 is an order regarding OPD's inability to meet a 180-day investigation deadline mandated by the Agreement. (Dkt. No. 112-9.) This order was issued by the *Allen* Court as Docket No. 691. Exhibit 20 is a June 2017 report regarding the City's response to allegations of officer sexual misconduct with a minor. (Dkt. No. 112-20.) This report was filed with the *Allen* Court as Docket No. 1144. (*Id.*) The *Allen* Court ordered the Monitor to ensure that the sexual misconduct allegations were properly investigated after the Monitor raised his concerns regarding OPD's investigation. (*Id*. at 4.) Because Exhibits 19 and 20 were filed in *Allen* and the Agreement was not invoked by other courts as Plaintiffs' contend, Plaintiffs' arguments fail.

Accordingly, Plaintiffs' request for relief under the Agreement is DENIED.

**2. Equitable Authority**

Plaintiffs argue the Court may invoke its "vested powers of equity" to grant the motion and therefore their request is not premature nor does it assume liability on the part of the City. Plaintiffs cite five cases in support of their request, none of which permit the relief Plaintiffs seek.

5

*See Washington v. Washington State Commercial Passenger Fishing Vessel Assoc.*, 443 U.S. 658, 695-96 (1979) (concerning a series of treaties between the federal government and indigenous tribes and the District Court's ability to appoint a trial judge or special master to devise some "apportionment that assured that the Indians' livelihood needs would be met"); *Plata v. Schwarzenegger*, 603 F.3d 1088, 1097-98 (9th Cir. 2010) (concluding the District Court did not err in finding that the receivership was the least intrusive means of remedying CDCR's constitutional violation); *Lewis v. Kugler*, 446 F.2d 1343, 1351-52 (3rd Cir. 1971) (concluding that if the plaintiffs establish that a substantial threat of constitutional violations exist, the District Court " has very broad power to fashion a remedy appropriate to deal with the factual situation before the court"); *Dixon v. Barry*, 967 F.Supp.535, 552-55 (D.D.C. 1997) (granting the plaintiffs' motion for the appointment of a receiver to take charge of the District of Columbia's Commission on Mental Health Services because the case had been pending for over twenty-two years and the District of Columbia was unable or unwilling to comply with the District Court's orders); *Canada Life Insurance Co. v. LaPeter*, 563 F.3d 837, 845-846 (9th Cir. 2009) (concluding the District Court's appointment of a receiver was a proper exercise of its discretion because the property being used as collateral was in danger of substantial waste).

Here, there has been no finding in this case of constitutional violations on the part of OPD. OPD has not failed to comply with any of this Court's orders. Nor is the Court aware of any statute or other authority that would permit the Court to grant Plaintiffs' request at this stage in litigation. As such, Plaintiffs' request for a special investigator is denied.

Last, the City argues, without moving for sanctions, that equitable relief is improper because Plaintiffs have unclean hands after by publicly filing several exhibits designated as confidential by the City in violation of the protective order. Given the Court has already denied Plaintiffs' request for equitable relief, the Court need not reach the issue of denying equitable relief due to Plaintiffs' allegedly unclean hands.

Accordingly, Plaintiffs' request that the Court exercise its equitable powers to appoint a special investigator is DENIED.

**CONCLUSION**

For the reasons described above, Plaintiffs' motion is DENIED.

This Order disposes of Docket Nos. 104 and 117.

**IT IS SO ORDERED.**

Dated: March 29, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge