UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI SALEEM BEY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF OAKLAND, et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-01626-JSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 111, 114, 127, 133 |

The Court is in receipt of four motions to file under seal related to Plaintiffs' motion for a court-appointed special investigator. (Dkt. Nos. 111, 114, 127, 133.) The documents at issue have been designated confidential by Defendants pursuant to the protective order in this case. (Dkt. Nos. 96, 114-1 ¶ 5, 127-1 ¶ 5, 121 ¶ 3, 137 ¶ 2.)

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted). The public has less of a need for access to court records attached to non-dispositive motions because those documents are often only tangentially related to the underlying cause of action. *Id.* at 1179 (internal citations omitted). "A good cause showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id.*

Good cause cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. *Bain v. AstraZeneca LP,* No. C 09–4147 CW, 2011 WL 482767, at *1 (N.D.Cal. Feb. 7, 2011); *see Kamakana,* 447 F.3d at 1179–80. A party seeking to seal

1    materials must make a "particularized showing" of good cause with respect to each individual
2    document. *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1138 (9th Cir. 2003). "Tepid
3    and general justifications" are not enough to support the showing of "specific prejudice or harm"
4    required to justify sealing. *Kamakana,* 447 F.3d at 1186. "Broad allegations of harm,
5    unsubstantiated by specific examples or articulated reasoning," are also insufficient. *Beckman
6    Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992) (internal quotation marks and
7    citation omitted).

8    In addition to making particularized showings of good cause, parties moving to seal
9    documents must comply with the procedures established by Civil Local Rule 79–5. That rule
10   permits sealing only where the party establishes that "the document, or portions thereof, are
11   privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil
12   L.R. 79–5(b). The request to seal must be "narrowly tailored to seek sealing only of sealable
13   material." *Id*. "Reference to a stipulation or protective order that allows a party to designate
14   certain documents as confidential is not sufficient to establish that a document, or portions thereof,
15   are sealable." Civil L.R. 79–5(d)(1)(A).

16   The Court concludes that the "good cause" standard applies given the documents to
17   be sealed are submitted in support of a non-dispositive motion. Plaintiffs' motions are
18   GRANTED in part and DENIED in part. Docket No. 114 is an amended version of Docket No.
19   111, both of which seek to seal Exhibits 1, 4, 5,7, 8, 9, 12, 13, 16, and 17 in their entirety. (Dkt.
20   No. 114 at 2.)

21   Exhibit 1 is a report from the investigation of a former OPD officer. The officer's need for
22   privacy weighs strongly in favor of sealing particularly since the personnel file is not relevant to
23   the motion for a court-appointed special investigator. *See Seals v. Mitchell*, 2011 WL 1233650, at
24   *3 (N.D. Cal. Mar. 30, 2011). Therefore the motion to file Exhibit 1 under seal is GRANTED.

25   Plaintiffs have not moved to seal Exhibit 11, but have attached it to their motion.
26   Defendants state that Exhibit 11 consists of photographs from a crime scene related to an open
27   criminal investigation. (Dkt. No. 121 ¶ 13.) Therefore, Plaintiffs' motion as to Exhibit 11 is also
28   GRANTED. *See United States v. Doe*, 870F.3d 991, 1000 (9th Cir. 2017) (concluding there is a

"significant probability of harm to compelling interests" in ongoing criminal investigations).

The motion to seal Exhibit 13 is DENIED. Exhibit 13 consists of a "call out" schedule with a list of OPD officer names and their home contact information redacted. Exhibit 13 also includes a follow-up investigation report submitted by a third party. The third party and eye witness information is confidential; however Defendant does not explain why the OPD officer names are confidential if the personal information is redacted.

The remaining documents are related to Plaintiffs' complaints that OPD failed to investigate the murder of Mr. Waajid Bey and the attempted murder of Mr. John Bey and therefore are DENIED as Defendants have failed to identify with particularity why the documents are protected and what harm or prejudice would result if the documents are not sealed. These documents include:

Exhibit 4, a "Citizen's Complaint Form" filed by Mr. Ali Bey;

Exhibit 5, a "Chronicle Log" regarding communications related to Plaintiffs' complaints;

Exhibit 7, emails between OPD officers and a complaint investigation report regarding Plaintiffs' complaints;

Exhibit 8, a letter from the OPD Office of the Compliance Director with Plaintiffs' request for an investigation attached;

Exhibit 9, a letter from Mr. Ali Bey addressed to the "Compliance Director" regarding Plaintiffs' complaint;

Exhibit 12, an internal affairs investigation report regarding Plaintiffs' complaint; and

Exhibits 16 and 17, interview transcripts of a police sergeant and police lieutenant regarding OPD's failure to investigate Plaintiffs' complaints.

Docket No. 127 seeks to seal portions of Plaintiffs' motion for a court-appointed special investigator and Mr. John Bey's declaration in support of the motion. The redactions in Plaintiffs' motion contain references to Exhibits 1, 4, 5, 12, 16, and 17. The redactions in Mr. John Bey's declaration contain information from Exhibits 1, 4, 5, 8, 9, 12, 13, 16, and 17. Plaintiffs' motion is GRANTED as to the Exhibit 1 redactions in the motion and Mr. John Bey's declarations and DENIED as to the remaining redactions for the reasons identified above.

Docket No. 133 seeks to seal Exhibits 27, 28, 30, 33, 35, 36, 38, 38, 40, 41, and 42 in their entirety as well as portions of Plaintiffs' declarations in support of Plaintiffs' reply brief.

Exhibit 27, similar to Exhibit 1, is a portion of a file related to an investigation of a former OPD officer, Dkt. No. 137 ¶ 7, therefore Plaintiffs' motion to file Exhibit 27 under seal is GRANTED.

Page 1 of Exhibit 28 appears to be related to an investigation or discipline of an OPD officer. Pages 38-40, 44, 48-51, 53, 55-59 appear to be part of an OPD "Additional Information Report" that contains the names and home address information of third party witnesses and the name of a potential suspect in Mr. John Bey's attempted murder. However the remaining pages do not appear to contain any sensitive information. Therefore, the motion to seal Exhibit 28 is DENIED because Plaintiffs' request is not narrowly tailored as required by Local Rule 79-5.

The remaining Exhibits 30, 33, 35, 36, 38, 38, 40, 41, and 42 are also portions of a file related to an investigation of a former OPD officer, Dkt. No. 137 ¶¶ 9-18; therefore Plaintiffs' request as to these Exhibits is GRANTED.

Mr. Ali Bey's declaration references Exhibit 1, 4, 8, 11, 12, 16, 17, 20, 27, 28, 30, 32, 33, 36, 38, 39, 40, and 41. Mr. John Bey's declaration references his declaration filed February 15, 2018. Mr. John Bey states he saw certain witness statements related to an alleged criminal act. (Dkt. No. 133-6 ¶ 5.) The motion is DENIED as to both declarations. Certain Exhibits in Mr. Ali Bey's declaration are in fact sealable, including Exhibits 1, 11, 27, 30, 33; however, the remaining redactions are overly broad as to their references to Exhibits that are not sealable. The request as to Mr. John Bey's declaration is denied because there does not appear to be any sensitive information – Mr. Bey does not identify the third parties that made the statements, only generally that he saw witness statements.

In regards to the Exhibits identified above that the Court has denied sealing, Defendants have submitted two declarations with blanket explanations for why the documents should be sealed. Defendants state the documents contain confidential information regarding victims, potential suspects, and witnesses in criminal investigations as well as confidential personnel information regarding current and former OPD officers. (Dkt. Nos. 121, 137.) However,

4

Defendants' stated justifications are "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Beckman Indus.,* 966 F.2d at 476. Further, it is unclear how the police complaints submitted by Plaintiffs themselves are confidential.

Accordingly, Plaintiffs' motions to file under seal are GRANTED IN PART AND DENIED IN PART. The Exhibits that are denied are done so without prejudice. If Defendants still wish to have any portions of the documents at issue filed under seal, they must submit a new declaration within seven (7) days of this Order that articulates a "particularized showing" of "specific prejudice or harm" that justifies sealing, *Kamakana,* 447 F.3d at 1186, and the redactions must be narrowly tailored as required by Local Rule 79-5.

This Order disposes of Docket Nos. 111, 114, 127, 133.

**IT IS SO ORDERED.**

Dated: April 6, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge