1   BARBARA J. PARKER, City Attorney, SBN 069722
    OTIS McGEE, JR., Chief Assistant City Attorney, SBN 071885
2   COLIN T. BOWEN, Supervising Trial Attorney, SBN 152489
    SELIA M. WARREN, Deputy City Attorney, SBN 233877
3   JASON M. ALLEN, Deputy City Attorney, SBN 284432
    One Frank H. Ogawa Plaza, 6th Floor
4   Oakland, California 94612
    Telephone:    (510) 238-3839
5   Facsimile:    (510) 238-6500
    Email:        jallen@oaklandcityattorney.org
6   X04143/2386707

7   Attorneys for Defendant
    CITY OF OAKLAND

8

9                    UNITED STATES DISTRICT COURT

10        NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

11

12   ALI SALEEM BEY and JOHN MUHAMMAD          Case No. 14-cv-01626-JSC
     BEY,
13                                             **DECLARATION OF JASON M. ALLEN
                    Plaintiffs,                IN SUPPORT OF SEALING
14                                             DEFENDANTS' CONFIDENTIAL
           v.                                  DOCUMENTS [Dkt 142]**
15
                                               Honorable Jacqueline Scott Corley
16   CITY OF OAKLAND and DOES 1-100
                    Defendants.                Action Filed: April 19, 2014
17                                             Trial Date: November 5, 2018

18

19

20

21

22

23

24

25

26

27

28

I, Jason M. Allen, declare as follows:

1.      I am an attorney licensed to practice before all courts of the State of California and before the United States District Court for the Northern District of California. I am a Deputy City Attorney with the Oakland City Attorney's Office, counsel of record for Defendant City of Oakland (the "City") in this action. I have personal knowledge of the matters stated herein, and, if called as a witness, I could and would competently testify thereto.

2.      I provide this declaration pursuant to the Court's order granting and denying in part Plaintiffs' motions to file under seal certain documents and information designated by the City as "Confidential" under the Protective Order in this case. [Dkt. 142.] This declaration addresses documents filed with Plaintiffs' motion for an independent investigator—specifically, the declarations of Plaintiff John Muhammad Bey and Ali Saleem Bey and Exhibits 12, 13, 16, 17, and 28.

3.      Notably, Plaintiffs' motion was *not* a dispositive motion, which, as the Court noted, reduces the public interest in accessing court records. [Dkt. 142, at 1 (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).] Further, in ruling on Plaintiffs' motion, the Court expressly declined to consider Plaintiff' John Bey's Declaration and, *inter alia*, Exhibits 12, 13, 16, and 17 thereto, and the Court's analysis does not reference or appear to rely on Plaintiff Ali Saleem Bey's declaration or Exhibit 28 thereto. [Dkt. 141, at 3, 4-6]; *see Prior v. City of Clearlake*, 11-cv-0954, 2012 WL 3276992, at *2 (N.D. Cal. Aug. 9, 2012) (granting a request to seal documents that included identifying information and were not relevant to resolving a motion for summary judgment).

4.      **Exhibits 12 and 28** include documents within the Internal Affairs Division ("IAD") investigatory file related to Plaintiffs' 2013 IAD complaint number 13-1062. On or about March 12, 2018, I spoke with Matt McCulley, a legal assistant in the office of Plaintiffs' counsel. Mr. McCulley explained that Exhibits 12 and 28 include overlapping documents: In the version of Exhibit 12 originally filed with the Court [Dkt. 108-12], a technical error caused substantial portions of pages 69-138 (all pages following Bates-labeled page 4475) to be cut off from view (including the Bates-labels). Exhibit 28 is composed of what was initially intended to be the last 64 pages of Exhibit 12.

5.      **Exhibit 12** includes discussion of the investigation of, and suggested findings related to, the performance of duties by former OPD officers, as well as some discussion related to the status

1  of criminal investigations into a murder and an attempted murder. [Ex. 12, at 11-13 (Bates-labeled

2  4418-20, under the section titled "Credibility Assessment – Subject Officers").] Exhibit 12 also

3  includes documents related to an earlier IAD investigation of current and former OPD officers, filed

4  by a complainant other than Plaintiffs. [*Id.* at 57-68 (Bates-labeled 4464-4475); *see also id.* at 69

5  (partially cut off).] The exhibit also identifies officers to be investigated in relation to Plaintiffs' 2013

6  IAD complaint. [*See id.* at 128.] Those pages identify the subject officers, the allegations against them,

7  recommended findings, investigatory steps and processes, and the identities and summaries of

8  statements provided by witnesses. As noted by the Court, officers' "need for privacy weighs strongly

9  in favor of sealing," in particular where this document was not considered in deciding Plaintiffs'

10  motion. [Dkt. 142, at 2 (citing *Seals v. Mitchell*, 04-cv-3764, 2011 WL 1233650, at *3 (N.D. Cal. Mar.

11  30, 2011).]

12        6.     Exhibit 12 also includes documents from files related to open criminal investigations of

13  an attempted murder and a murder. [Ex. 12, at 94-126.] As the Court noted, documents related to open

14  criminal investigations should be sealed. [Dkt. 142, at 2 (citing *United States v. Doe*, 8780 F.3d 991,

15  1000 (9th Cir. 2007).]

16        7.     Based on the inclusion in Exhibit 12 of information related to investigations of current

17  and former OPD officers and open criminal investigations, the City requests to redact pages 11-13, 57-

18  68, 94-126, 128.

19        8.     **Exhibit 28** includes documents related to investigations into current and former OPD

20  officers.[1] [Ex. 28, at 2 (Bates-labeled 4476), 61 (Bates-labeled 4535).] It also includes information

21  related to open criminal investigations. [*Id.* at 27-59 (Bates-labeled 4501-33).] Accordingly, the City

22  requests to redact pages 2, 27-59, and 61 of Exhibit 28.

23        9.     **Exhibit 13** includes documents from a Citizens' Police Review Board ("CPRB") file

24  for an investigation into allegations of misconduct against current and former members of the Oakland

25  Police Department. The documents included in Exhibit 13 are in that CPRB file, but they come from

26  an investigation by the California Department of Justice of allegations of misconduct by current and

27  former OPD officers. Those documents were attachments to a transcript of an interview of an OPD

---

[1] Again, Exhibit 28 includes corrected versions of the final 64 pages of Exhibit 12.

28

1   officer conducted by the California Department of Justice, as part of its investigation.[2]

2        10.    The Court correctly notes that the first pages of Exhibit 13 include a call out roster with

3   Officers' personal contact information redacted. [Ex. 13, at 2-5 (Bates 3278-81 (Attachment 1-15)).]

4   Subsequent pages of Exhibit 13, however, include largely unredacted portions of a criminal homicide

5   investigation. [*Id.* at 6-14 (Bates-labeled 3282-90 (Attachment 1-16)).] Although some information is

6   redacted, those pages include the identities of and summaries of statements by persons interviewed by

7   officers investigating the murder, the identities of potential suspects, the identities of the investigating

8   officers, and various investigative steps and methods employed during that homicide investigation. It

9   also lists the identity and, potentially, the address of a family member of the victim. [*Id.* at 7-13 (Bates

10   3283-89).] Additionally, later pages within Exhibit 13 include a timeline of events related to an

11   investigation into alleged misconduct by a former OPD officer. [*Id.* at 15- 17 (Bates-labeled 3291-93

12   (Attachment 1-17)).]

13        11.    Exhibit 13 thus includes personnel information regarding current and former OPD

14   officers, information about methods and steps taken in a homicide investigation, and information

15   identifying potential witnesses, informants, and family members of the victim in that homicide

16   investigation. Accordingly, the City requests that, within Exhibit 13, pages 7-13 (Bates-labeled 3283-

17   89) and 16-17 (Bates-labeled 3292-93) be redacted and remain under seal.

18        12.    **Exhibits 16 and 17** are documents within a CPRB investigation file. They are portions

19   of interviews of former OPD officers, conducted by the California Department of Justice as part of its

20   investigation into allegations of misconduct by current and former OPD officers.[3] Accordingly, the

21   City requests that Exhibits 16 and 17 remain sealed.

22        13.    Because, the exhibits discussed above include confidential information that should

23   remain sealed, the City requests to redact references in Plaintiff John Muhammad Bey's declaration to

24   information from Exhibits 12, 13, 16, and 17 that should remain sealed (in addition to redacting

25

26      [2] The documents in Exhibit 13 were part of the same California Department of Justice investigation
   as referenced in Exhibit 1, which the Court determined should remain sealed. [Dkt. 142, at 2.]

27      [3] Exhibits 16 and 17 were created as part of the same California Department of Justice investigation

28   as referenced in Exhibit 1, which the Court determined should remain sealed. [Dkt. 142, at 2.]

1  references to Exhibit 1, as previously ordered by the Court). [Dkt. 42, at 4.] Specifically, the City also

2  seeks to retain the redactions in Plaintiff John Muhammad Bey's declaration to paragraphs 28, 30, 36,

3  39, 40, 42, 48 (Exhibit 12); 33 (Exhibit 13); 51, 70 (Exhibit 16); 61, (Exhibit 17).

4       14.    Similarly, because they include confidential information that should remain sealed, the

5  City requests to redact references in Plaintiff Ali Saleem Bey's declaration to information from

6  Exhibits 12, 13, 16, 17, and 28 that should remain sealed (in addition to redacting references to

7  Exhibits 1, 11, 27, 30, and 33, as previously ordered by the Court). [Dkt. 42, at 4.] Specifically the

8  City also seeks to retain the redactions in Plaintiff Ali Saleem Bey's declaration to paragraphs 23

9  (Exhibit 17), 46 (Exhibit 16); 52, 54, 55, and 56 (Exhibit 12); 57 (Exhibit 28). The City also requests

10  to retain the redactions to paragraphs 73, 74, and 84, which discuss IAD and CPRB investigations of

11  current and former OPD officers and related findings and conclusions.

12       I declare under penalty of perjury under the laws of the United States and the State of

13  California that the foregoing is true and correct. Executed this 13th day of April, 2018, at Oakland,

14  California.

15

16                   */s/ Jason M. Allen*
                 Jason M. Allen

17

18

19

20

21

22

23

24

25

26

27

28