UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI SALEEM BEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>Defendants. | Case No. 14-cv-01626-JSC<br><br>**ORDER RE MOTION TO SEAL**<br><br>Re: Dkt. Nos. 137, 143 |

The Court previously granted in part and denied in part four motions to file under seal related to Plaintiffs' motion for a court-appointed special investigator. (Dkt. No. 142.) In that Order the Court instructed Defendants, if they still wish to have any portions of the documents at issue filed under seal, to submit a new declaration that articulates a "particularized showing" of "specific prejudice or harm" that justifies sealing, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1186 (9th Cir. 2003), and that the redactions must be narrowly tailored as required by Local Rule 79-5. Defendants have submitted a new declaration seeking to seal (1) Exhibits 12, 13, 16, 17, and 28, (2) the references to Exhibits 12, 13, 16, 17, and 28 in Plaintiff Ali Bey and John Bey's declarations, (Dkt. Nos. 133-4, 133-6), and (3) paragraphs 73, 74, and 84 in Plaintiff Ali Bey's declaration. (Dkt. No. 143.)

**Exhibits 12 and Exhibit 28 (Dkt. Nos. 114-10 and 133-8)**: Defendants seek to redact pages 11-13, 57-68, 94-126, and 128 of Exhibit 12 and pages 2, 27-59, and 61 of Exhibit 28. (Dkt. No. 143 ¶¶ 7, 8.) Defendants represent these pages concern the investigation and performance of former OPD officers as well as documents from files related to open criminal investigations of an attempted murder and murder. (*Id*. ¶¶ 5, 6, 8.)

**Exhibit 13 (Dkt. No. 114-11)**: Defendants seek to redact pages 7-13 and 16-17. (Dkt. No.

1   143 ¶ 11.)  Defendants represent these pages concern documents from (1) a Citizens' Police
2   Review Board ("CPRB") file for an investigation into allegations of misconduct against current
3   and former OPD officers which originated from an investigation by the California Department of
4   Justice, (2) a criminal homicide investigation including the identities of interviewees, potential
5   suspects, and the various investigative steps and methods and (3) the identity and potentially the
6   address of a family member of the victim.  (*Id*. ¶¶ 9, 10, 11.)

**Exhibit 16 and 17 (Dkt. Nos. 114-12 and 114-13)**: Defendants seek to seal these exhibits in their entirety because they contain documents from a CPRB file including portions of interviews of former OPD officers conducted as part of an investigation by the California Department of Justice.  (Dkt. No. 143 ¶ 12.)

Defendants have more narrowly tailored their request by identifying the specific pages they seek to have redacted, pursuant to Local Rule 75-9.  Defendants also represent that the identified pages are either (1) part of an investigation regarding former and current OPD officers, or (2) part of an ongoing criminal investigation.  Several of the pages contain the names and home address information of victims, witnesses, and officers.  As the Court stated in its previous order, personnel files and documents from ongoing criminal investigations are entitled to sealing.  *See United States v. Doe*, 870F.3d 991, 1000 (9th Cir. 2017) (concluding there is a "significant probability of harm to compelling interests" in ongoing criminal investigations); *Seals v. Mitchell*, No. CV 04-3764-NJV, 2011 WL 1233650, at *3 (N.D. Cal. Mar. 30, 2011) (concluding "balancing the need for the public's access to information regarding Defendants' employment records, personnel records, and specific instances of past conduct against Defendants' need for confidentiality weighs strongly in favor of sealing.")  Accordingly, Defendant's request to seal Exhibits 12, 13, 16, 17, and 28, the references to said exhibits in both Plaintiff Ali Bey and John Bey's declarations, and paragraphs 73, 74, and 84 in Plaintiff Ali Bey's declaration is GRANTED.

This Order disposes of Docket No. 142.

**IT IS SO ORDERED.**

Dated: May 16, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge